# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00610-CR

**Steven Grey, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR-07-144, HONORABLE WILLIAM HENRY, JUDGE PRESIDING

## O P I N I O N

Appellant Steven Grey was tried on an indictment accusing him of aggravated assault. The jury returned a verdict convicting him of the lesser offense of simple assault, and the trial court assessed punishment at one year in jail. Because we agree with appellant that the trial court erred by submitting the lesser offense to the jury, we will reverse the conviction and remand for a new trial.

Shortly before midnight on July 3, 2006, appellant drove to the residence of the complainant, Heather Dukes, to discuss Dukes's relationship with appellant's girlfriend, Desiree Hawken. The conversation, which turned into a confrontation, took place in Dukes's front yard. Dukes testified that she asked appellant to leave when he began speaking to her in "an aggressive manner." Dukes said that when she then turned to enter the house, appellant said, "No, you will listen to this," seized her by her upper arms, and pushed her against the door frame. Dukes testified that she was "really scared" and began to struggle. She managed to free her right arm and

attempted to hit appellant without success. Dukes said, "He [then] took his left arm, the one he was holding my right which I had gotten free from, and he took his hand around my throat and then he clinched and then he pushed me up against the doorframe." Dukes testified that she continued trying to hit appellant, but "I could barely even touch him. He started hitting me." She added, "He started pounding his fist into my eye while he was choking me. I was still pressed up against the doorframe." Dukes recounted, "I couldn't breathe. . . . I felt my body getting numb. My knees buckled and I don't remember anything, everything went black." At some point, Dukes and appellant lost their balance and fell from the front porch onto the ground.

Dukes's friend, Lindsey Boyd, was also present and witnessed the fracas. Her testimony describing appellant's conduct was similar to Dukes's.

Dukes did not call the police or seek medical attention that night. Instead, she went to the San Marcos police station the following morning and reported that she had been assaulted. Officer Danny Fisher testified that Dukes was emotionally distraught, had a bruised and swollen eye, and spoke with a raspy voice. Dukes told Fisher that she had been strangled by hand and "[a]t some point she stated that she was strangled with a necklace that she was wearing." Fisher said that he observed a fingerprint or thumb print on one side of Dukes's neck, and on the other side there was an outline of the necklace.

Paramedic Erik Olufs testified that he treated Dukes at the police station that morning. Olufs said that Dukes had a hematoma on her left eye, and petechial spotting and ligature marks on her neck. Olufs described the ligature marks as "having a necklace and pulling on it or something like that." He testified that the petechia were "likely caused by either a blunt trauma or by

2

strangulation." Olufs testified that Dukes was unable to fully open her mouth due to "pain that led back to the back of her neck from her jaw." He characterized her injuries as "significant." Photographs of Dukes showing her injuries were introduced in evidence.

Appellant did not testify, but a written statement he gave to the police was admitted in evidence. In the statement, appellant said that when Dukes told him to leave her residence, he grabbed her wrist to get her attention. According to appellant, Dukes "responded by shoving me." Appellant said that Dukes then "reached up and grabbed me by the throat with her left hand . . . and began punching me in the face with her right." Appellant said that he "reached up and grabbed her neck, applying pressure to her pulse points with my thumb and two foremost fingers. My intention was to make her dizzy so she would be knocked off balance. I began striking her with my right hand in the face in the exact manner she continued to assault me." According to the statement, Dukes "staggered back" after appellant hit her four to six times, and they both fell from the porch. Appellant also sought to establish that Dukes had thrown the first punch through his cross-examination of the State's witnesses.

The indictment alleged that appellant:

> intentionally, knowingly and recklessly cause[d] bodily injury to Heather Dukes by use of a deadly weapon, to wit: the defendant's hand, which in the manner of its use or intended use was capable of causing serious bodily injury or death, by strangling the said Heather Dukes with the defendant's hand.

*See* Tex. Penal Code Ann. §§ 22.01(a)(1), .02(a)(2) (West Supp. 2008). The court's charge authorized appellant's conviction for aggravated assault using language that tracked the indictment. In addition, and over appellant's objection, the court instructed the jurors that if they found that

3

appellant was not guilty of aggravated assault as alleged, they were authorized to convict him for the lesser offense of simple assault if they found that he:

> intentionally, knowingly, or recklessly cause[d] bodily injury, but did not use his hand as a deadly weapon during the commission of the offense to Heather Dukes by strangling her.[1]

In his first point of error, appellant contends that it was error for the court to authorize his conviction for simple assault because there was no evidence that would permit the jury rationally to find that he was guilty only of this lesser offense.

A two-pronged test must be met before a jury may be charged on a lesser included offense: (1) the lesser offense must be included within the proof necessary to establish the greater offense for which the defendant is on trial, and (2) there must be some evidence in the record that would permit a jury to rationally find that the defendant is guilty of the lesser offense but not the greater offense. *Hampton v. State*, 165 S.W.3d 691, 693-94 (Tex. Crim. App. 2005); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). Both prongs of this test apply regardless of whether the instruction is requested by the defendant or by the State. *Hampton*, 165 S.W.3d at 694; *Arevalo v. State*, 943 S.W.2d 887, 890 (Tex. Crim. App. 1997).

In determining whether a lesser offense is included within the proof necessary to establish the greater offense, we compare the statutory elements of the greater offense as they were alleged and modified in the indictment with the elements of the potential lesser included offense.

---

[1] We understand this instruction to authorize appellant's conviction if the jury found that he strangled the complainant with his hand, but that he did not use his hand as a deadly weapon.

*Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). The indictment in this case alleged that appellant caused bodily injury to Dukes by strangling her with his hand, and that this assault was aggravated by appellant's use of his hand as a deadly weapon. Clearly, bodily injury assault in the manner alleged, but without the deadly weapon, is a lesser included offense of the alleged aggravated bodily injury assault. *See Jones v. State*, 241 S.W.3d 666, 671 (Tex. App.—Texarkana 2007, no pet.). The question then becomes whether there is evidence in the record that would permit a rational finding that appellant strangled Dukes with his hand, but that he did not use or intend to use his hand in a manner capable of causing death or serious bodily injury. *See* Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2008) (defining "deadly weapon"). We find that there is not.

The State argues that "there was testimony, both for and against the proposition that the Appellant's hands were used as a deadly weapon." The State does not, however, refer us to any specific evidence indicating that appellant did not use his hand as a deadly weapon. Appellant obviously did not kill Dukes, and the State may be arguing that her injuries were not serious. But the statutory definition of "deadly weapon" does not require that death or serious bodily injury be inflicted or even intended by the actor. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). If it is the State's argument that the jury might have disbelieved crucial evidence regarding appellant's use of his hand as a deadly weapon, this is not sufficient to justify the lesser included offense instruction. There must be some evidence directly germane to the lesser included offense before a lesser included offense instruction is warranted. *Hampton v. State*, 109 S.W.3d 437, 440 (Tex. Crim. App. 2003).

5

An object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury. *McCain*, 22 S.W.3d at 503. In his statement to the police, appellant said that he used his hand to apply pressure to the "pulse points" in Dukes's neck with the intent "to make her dizzy so she would be knocked off balance." The evidence reflects that appellant accomplished this purpose. Dukes testified that appellant choked or strangled her with his hand with such force that she was unable to breathe and lost full consciousness. Olufs, the paramedic, testified that Dukes suffered "significant" injuries. Olufs also testified that a person using his hands to strangle another person could cause death from asphyxiation in three to four minutes. All of the evidence supports the conclusion that appellant intended to use his hand in a manner capable of causing death or serious bodily injury.

The State also argues that appellant raised the lesser included offense by asserting that he acted in self-defense and by suggesting that Dukes's injuries were caused by him pulling on her necklace or by her fall from the porch. A self-defense claim, however, implicitly admits the elements of the alleged offense. *See VanBrackle v. State*, 179 S.W.3d 708, 715 (Tex. App.—Austin 2005, no pet.). Appellant's claim that he justifiably strangled Dukes in self-defense did not raise an issue as to whether or not he used his hand as a deadly weapon.[2] *See Jones*, 241 S.W.3d at 671-72 (holding in prosecution for aggravated bodily injury assault with deadly weapon that defendant's self-defense claim did not entitle him to instruction on simple assault). As for the possibility that Dukes may have been injured in some other way than by appellant strangling her with his hand, these other possible theories were not included within the offense charged. The indictment alleged that

---

[2] The court's charge instructed the jury on the use of force in self-defense.

appellant injured Dukes by strangling her with his hand. Bodily injury assault inflicted by pulling Dukes's necklace or by causing her to fall from the porch was not included within the elements of aggravated bodily injury assault as they were alleged and modified in the indictment. *See Irving v. State*, 176 S.W.3d 842, 845-46 (Tex. Crim. App. 2005) (holding that simple assault by grabbing or falling on complainant was not lesser included offense of aggravated assault by striking complainant with baseball bat); *see also Hall*, 225 S.W.3d at 535-36.

Finally, the State argues that appellant's contention on appeal does not comport with his objection at trial. Defense counsel voiced appellant's objection to the lesser included offense instruction as follows:

> I would object to the lesser-included offense of misdemeanor assault being included. The reason is because of the strangled. There is no definition. The definition is to cause death.[3] A lesser included is we strike elements or facts in and see if we have another lesser offense. We strike deadly weapon, well, now we have strangled indicating death of a misdemeanor.

We agree with the State that counsel appeared to be chiefly concerned with the absence of his proposed definition of "strangled." Nevertheless, the objection made it clear that appellant was opposed to the lesser included offense instruction being given.

We hold that the trial court erred by instructing the jury on the lesser offense of simple bodily injury assault. Appellant was harmed because he was found guilty of an offense that, under the evidence, was not a valid, rational alternative to the offense for which he was on trial. *See*

---

[3] Counsel had previously asked the court to instruct the jury that "strangulation" means "cutting off a person's capacity to breathe by force to the windpipe to the death." This instruction was refused.

7

*Arevalo*, 943 S.W.2d at 899.  Appellant's first point of error is sustained.  Because of our resolution of this point, we need not address appellant's second and third points of error.

Appellant cannot be retried for aggravated bodily injury assault because the jury's verdict convicting him of the lesser offense operates as an acquittal of the greater offense.  *See Hampton*, 165 S.W.3d at 694.  But our holding that the evidence did not raise an issue as to whether appellant was guilty only of simple assault does not mean that the evidence adduced at the trial was insufficient to support appellant's conviction for that offense.  Therefore, the appropriate remedy for the trial error is to retry appellant for simple bodily injury assault.  *Id*.

The judgment of conviction is reversed and the cause is remanded to the trial court.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Reversed and Remanded

Filed:   November 14, 2008

Publish