

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0137-09

**STEVEN GREY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### HAYS COUNTY

KELLER, P.J., delivered the opinion of the Court in which MEYERS, KEASLER, HERVEY and COCHRAN, JJ., joined. HERVEY, J., filed a concurring opinion in which MEYERS, and KEASLER, JJ., joined. COCHRAN, J., filed a concurring opinion. JOHNSON, J., concurred. PRICE, WOMACK, and HOLCOMB, JJ., dissented.

In the *Royster-Rousseau* line of cases, we established a two-pronged test for determining when a trial judge should submit to the jury a lesser-included offense that is requested by the defendant.[1] Under the second prong of the test, "some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense."[2]

---

[1] *See Royster v. State*, 622 S.W.2d 442 (Tex. Crim. App. 1981)(plurality op.); *Rousseau v. State*, 855 S.W.2d 666 (Tex. Crim. App. 1993).

[2] *Rousseau*, 855 S.W.2d at 673.

In *Arevalo v. State*,[3] this Court held that the second prong applies equally to the submission of lesser-included offenses that are requested by the State. We granted review in this case to determine the following ground presented by the State: "*Arevalo v. State* should be overruled." Agreeing with the State, we overrule *Arevalo* and hold that the State is not bound by the second prong of the *Royster-Rousseau* test.

## I. BACKGROUND

Appellant was indicted for aggravated assault by causing bodily injury and using a deadly weapon. The alleged deadly weapon was appellant's hand, used to strangle the victim. In addition to instructions about the indicted offense, the jury charge contained an instruction on the lesser-included offense of simple assault by causing bodily injury. The jury charge was prepared by the prosecutor's office, and one of the prosecutors stated on the record that she had no objection to it and thought it was sufficient. But defense counsel objected to the lesser-included offense instruction.[4] The jury found appellant guilty of the lesser-included offense of simple assault.

On appeal, appellant claimed that the submission of the lesser-included offense was error. The court of appeals agreed and reversed the conviction.[5]

---

[3] 943 S.W.2d 887 (Tex. Crim. App. 1997).

[4] Defense counsel objected as follows: "I would object to the lesser-included offense of misdemeanor assault being included. The reason is because of the strangled. There is no definition. The definition is to cause death. A lesser included is we strike elements or facts in and see if we have another lesser offense. We strike deadly weapon, well, now we have strangled indicating death of a misdemeanor." After the objection was overruled, defense counsel requested an instruction on the lesser-included offense of Class C misdemeanor assault by offensive touching. That request was denied. The State does not raise before us any claim regarding the sufficiency of appellant's trial objection to the lesser-included offense that was submitted.

[5] *Grey v. State*, 269 S.W.3d 785 (Tex. App.–Austin 2008).

## II. ANALYSIS

### A. Rules for Overruling Precedent

Though it is "[o]ften better to be consistent than right,"[6] precedent may be overruled "if the reasons for doing so are weighty enough."[7] Factors that support the overruling of precedent include:

(1) that the original rule or decision was flawed from the outset,

(2) that the rule's application produces inconsistent results,

(3) that the rule conflicts with other precedent, especially when the other precedent is newer and more soundly reasoned,

(4) that the rule regularly produces results that are unjust, that are unanticipated by the principle underlying the rule, or that place unnecessary burdens on the system, and

(5) that the reasons that support the rule have been undercut with the passage of time.[8]

### B. The Remedy in *Arevalo*

One obvious flaw in the rule laid down by *Arevalo* and its progeny, one that produces inconsistent and unjust results in every single case in which the rule is applied, is the remedy. When a lesser-included offense is submitted in violation of *Arevalo*, and the defendant is convicted of that offense, the remedy this Court has imposed is a remand for a new trial on the very same lesser-included offense that the defendant has just claimed should never have been submitted.[9] Such a

---

[6] *Malik v. State*, 953 S.W.2d 234, 236 (Tex. Crim. App. 1997).

[7] *Ex parte Lewis*, 219 S.W.3d 335, 338 (Tex. Crim. App. 2007).

[8] *Id.*

[9] *Hampton v. State*, 165 S.W.3d 691, 694 (Tex. Crim. App. 2005).

result is "illogical,"[10] but we fashioned this remedy because alternative remedies seemed unavailable or worse. Because a conviction on the lesser offense operates as an acquittal of the greater offense,[11] retrial on the greater offense is not possible.[12] But an outright acquittal of the criminal charge would be absurd where the evidence was in fact legally sufficient to support a conviction for the lesser-included offense.[13]

### C. Source of the Rule in *Arevalo*

### 1. *Constitution?*

So where did the rule in *Arevalo* come from, and what is the legal basis for its existence? *Arevalo*'s holding was based upon the "guilty only" requirement that is the second prong of the *Royster-Rousseau* test.[14] In dissents in *Arevalo*, Presiding Judge McCormick and Judge Meyers both suggested that the "guilty only" requirement has constitutional underpinnings, describing when a lesser-included-offense instruction is *required*, but not necessarily describing all the circumstances under which such an instruction is *permitted*.[15] In *Rousseau*, we had clarified the "guilty only" prong (but did not change existing law) by borrowing language from the federal standard, which we

---

[10] *Hampton v. State*, 109 S.W.3d 437, 442 (Tex. Crim. App. 2003)(Keller, P.J., dissenting).

[11] *Green v. United States*, 355 U.S. 184 (1957); TEX. CODE CRIM. PROC. art. 37.14.

[12] *Hampton*, 165 S.W.3d at 694; *see also Hampton*, 109 S.W.3d at 442 (Keller, P.J., dissenting).

[13] *Hampton*, 165 S.W.3d at 694.

[14] *See Arevalo*, 943 S.W.2d at 888-90.

[15] *Arevalo*, 943 S.W.2d at 890-91 (McCormick, P.J., dissenting); *id.* at 892 n.2, 893 (Meyers, J., dissenting).

observed was stated in the Supreme Court decision of *Hopper v. Evans*[16] and quoted by the Fifth Circuit.[17] *Evans* discussed *Beck v. Alabama*,[18] in which the Supreme Court concluded that a failure in a capital case to submit a lesser-included offense when raised by the evidence violates the constitution because there is an unwarranted risk that "a jury might convict a defendant of a capital offense because it found that the defendant was guilty of a serious [but lesser] crime."[19]

*Evans* also discussed the plurality opinion of *Roberts v. Louisiana*,[20] which addressed a situation "obverse" to the one at issue in *Beck*,[21] and thus analogous to the Court's holding in *Arevalo*. In *Roberts*, a Louisiana statute required the submission in a capital case of lesser-included offenses "even if there was not a scintilla of evidence to support the lesser verdicts."[22] The practice was impermissible because "it invited the jurors to disregard their oaths and convict a defendant of a lesser offense when the evidence warranted a conviction of first-degree murder, inevitably leading to arbitrary results."[23]

*Evans*, *Beck*, and *Roberts* were all capital cases. The Supreme Court expressly reserved the question of whether the federal constitution can require the submission of a lesser-included offense

---

[16] 456 U.S. 605 (1982).

[17] *Rousseau*, 855 S.W.2d at 672-73, 673 n.4; *see Evans*, 456 U.S. at 612 (quoting the federal rule).

[18] 447 U.S. 625 (1980).

[19] *Evans*, 456 U.S. at 610 (citing *Beck*, 447 U.S. at 642)(bracketed material inserted).

[20] 428 U.S. 325 (1976)(plurality op.).

[21] *Evans*, 456 U.S. at 611.

[22] *Evans*, 456 U.S. at 611 (quoting *Roberts*, 428 U.S. at 334).

[23] *Id.* (citing *Roberts*, 428 U.S. at 335).

in a non-capital case,[24] and more recently it has suggested that *Beck*'s holding may be limited to cases in which the death penalty was automatic upon conviction for the greater offense.[25] We have assumed that the erroneous failure to submit a lesser-included-offense instruction requested by the defense in a non-capital case constitutes ordinary jury charge error under *Almanza v. State*[26] to be analyzed for some harm when error was preserved.[27] *Almanza*'s "some harm" standard applies only to non-constitutional errors,[28] and in any event, we used a "*Beck*-like" rationale to assess harm rather than holding that *Beck* controls the case.[29]

The arguable relevance of *Roberts* to Texas jurisprudence is far more tenuous. The *Roberts* opinion found arbitrariness in the context of a scheme that automatically imposed the death penalty upon conviction for first-degree murder.[30] The submission of lesser-included offenses was the *only* method by which the jury was given the discretion to determine whether a convicted defendant would receive the death penalty, and the Supreme Court held that such a method did not provide sufficient guidance.[31] In *Lesko v. Lehman*, the Third Circuit distinguished *Roberts* on the basis of this factual context and rejected a defendant's claim that constitutional error resulted from the

---

[24] *Beck*, 447 U.S. at 638 n.14; *see also Howell v. Mississippi*, 543 U.S. 440, 444-45 (2005).

[25] *Howell*, 543 U.S. at 445.

[26] *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984).

[27] *Saunders v. State*, 913 S.W.2d 564, 570-72 (Tex. Crim. App. 1995).

[28] *Jimenez v. State*, 32 S.W.3d 233, 237 (Tex. Crim. App. 2000).

[29] *Saunders*, 913 S.W.2d at 571 n.3.

[30] *Roberts*, 428 U.S. at 336.

[31] *Id.* at 335.

submission of a lesser-included offense that was not raised by the evidence.[32] "[A]ssuming *arguendo* that the trial evidence could not support a voluntary manslaughter verdict, we do not believe that the fact that the court instructed on that offense violates the rationale of *Roberts*."[33] The submission of the lesser offense did not violate *Roberts* because the death penalty was not mandatory, the jury was permitted to consider the full range of mitigating evidence, there were standards to guide the jury's sentencing discretion, and meaningful appellate review was available.[34]

## 2. *Statute?*

Though the Court's opinion in *Arevalo* cited to articles 37.08 and 37.09,[35] neither statute contains any language that suggests the application of a "guilty only" requirement for determining when a lesser-included offense should be submitted.[36] One could argue that a lesser-included offense

---

[32] 925 F.2d 1527, 1552-53 (3d Cir. 1991).

[33] *Id.* at 1553.

[34] *Id.*; *see also McDougall v. Dixon*, 921 F.2d 518, 531-32 (4th Cir. 1990)(distinguishing *Roberts* on the basis that there was evidence upon which a jury could have returned a verdict on the lesser offense and North Carolina did "not have a mandatory death sentence for first degree murder as Louisiana had at the time of *Roberts*").

[35] *See id.* at 888 (citing TEX. CODE CRIM. PROC. arts. 37.08, 37.09).

[36] Art. 37.08 provides: "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." Art. 37.09 provides:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to

does not become "law applicable to the case" under Article 36.14[37] unless it is raised by the evidence. But such an argument begs the question of what it means for a lesser offense to be "raised by the evidence." The propriety of the "guilty only" requirement appears to be a matter of common law,[38] which will be discussed in more detail below.

### D. The Reasoning Behind the Rule in *Arevalo*

The "guilty only" requirement was originally articulated by this Court in *Daywood v. State*.[39] The only reasoning given for this requirement was that it had to be met to "raise[] the issue" of the lesser-included offense.[40] In *Arevalo*, this Court conceded that we had "never stated a rationale for the second prong of the [*Royster-Rousseau*] test," but we "thought the rationale was obvious."[41] We said that the "guilty only" rule was designed to preserve the integrity of the jury as a factfinder by ensuring that it was instructed on a lesser-included offense "only when that offense constitutes a

---

establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

[37] *See* TEX. CODE CRIM. PROC. art. 36.14 ("the judge shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case").

[38] *See* TEX. CODE CRIM. PROC. art. 1.27 ("If this Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern.").

[39] 157 Tex. Crim. 266, 269, 248 S.W.2d 479, 481 (Tex. Crim. App. 1952).

[40] *Id.*

[41] *Arevalo*, 943 S.W.2d at 889 (bracketed material substituted for original).

valid, rational alternative to the charged offense."[42]

The Court in *Arevalo* then made an inferential leap: It held that this rationale "is as applicable to the State's request for a lesser-included offense as it is to a defendant's request."[43] Why? Because a lesser-included-offense instruction "must not constitute an invitation to the jury to reach an irrational verdict."[44]

But the Court did not ask or answer the next obvious question: How does a lesser-included-offense instruction invite a jury to reach an irrational verdict? If the lesser offense is viewed in isolation, a jury's verdict would be rational so long as the lesser offense is included in the charging instrument and supported by legally sufficient evidence.[45] The "guilty-only" prong of the *Royster-Rousseau* test requires, however, that we view the rationality of the lesser offense, not in isolation, but in comparison to the offense described in the charging instrument. But why should we make that comparison? The answer must be that the State is entitled to pursue the charged offense and, therefore, is entitled to receive a response from the jury on whether the defendant is guilty of the charged offense. Is the defendant similarly entitled to a response from the jury on the charged offense? The answer to that question is clearly no. It is the State, not the defendant, that chooses what offense is to be charged. In fact, the State can abandon an element of the charged offense

---

[42] *Id.*

[43] *Id.* at 889-90.

[44] *Id.* at 890.

[45] *See Wasylina v. State*, 275 S.W.3d 908, 909-10 (Tex. Crim. App. 2009).

without prior notice and proceed to prosecute a lesser-included offense.[46] If the State can abandon the charged offense in favor of a lesser-included offense, there is no logical reason why the State could not abandon its unqualified pursuit of the charged offense in favor of a qualified pursuit that includes the prosecution of a lesser-included offense in the alternative.

### E. The Consequences of the Rule in *Arevalo*

We have already addressed one detrimental consequence of the rule in *Arevalo*: the remedy for the supposed error is illogical. Another detrimental consequence is that the prosecutor may be faced with a situation in which any decision he makes carries a high risk of error. If the prosecutor requests a lesser-included offense, he may run the risk of a reversal under *Arevalo*. But if the prosecutor fails to request a lesser-included offense, he may also run the risk of an outright acquittal by a jury or an acquittal for legal insufficiency on appeal.[47]

The present case is illustrative. To convict appellant of aggravated assault in this case, the State had to prove that he used or exhibited a deadly weapon.[48] The alleged deadly weapon in this case was appellant's hand. The court of appeals held that the evidence in this case does not show that the defendant was guilty only of a simple assault because the evidence shows only that the defendant's hand was a deadly weapon.[49] But it is easy to see how a jury might not be willing to find

---

[46] *Eastep v. State*, 941 S.W.2d 130, 134 (Tex. Crim. App. 1997).

[47] *See Collier v. State*, 999 S.W.2d 779, 790 (Tex. Crim. App. 1999)(Keller, J., dissenting); *id.* at 794 (McCormick, P.J., dissenting on motion for rehearing); *Haynes v. State*, 273 S.W.3d 183 (Tex. Crim. App. 2008)(reformation to lesser-included offense not permitted when the lesser-included offense is not submitted and the prosecutor failed to request its submission).

[48] *See* TEX. PEN. CODE §22.02(a)(2).

[49] *Grey*, 269 S.W.3d at 788-89.

that a person's hand is a deadly weapon, despite all the evidence in favor of that proposition. And at the time of trial, the State might have legitimately perceived the possibility (though unlikely) that an appellate court would decide that the evidence was legally insufficient to prove the deadly weapon element.

*Arevalo*'s application is not limited to cases in which the prosecutor is uncertain how a jury or an appellate court will view the strength of the State's case.[50] There can be a legitimate dispute about the meaning of the language of the aggravating element that distinguishes the charged offense from the lesser-included offense,[51] or the possibility could exist that the aggravating element renders the charged offense unconstitutional.[52] And with respect to disputes about the meaning of statutory language, appellate interpretations of statutes are not always foreseeable and can even involve the overruling of precedent.[53]

---

[50] For an example of a dispute about the strength of the State's case, *see Laster v. State*, 275 S.W.3d 512, 523-24 (Tex. Crim. App. 2009), and *id.* at 528-533 (Cochran, J., dissenting). Judge Cochran noted that, if her view were correct, the conviction could be reformed to reflect a lesser included offense that was submitted to the jury, with a remand for resentencing. *Id.* at 533, 533 n.40 (Cochran, J., dissenting).

[51] *See Lomax v. State*, 233 S.W.3d 302 (Tex. Crim. App. 2007)(felony DWI can be an underlying offense for felony murder) and *id.* at 311 n.31 (because lesser offense of felony DWI was submitted, judgment could have been reformed to lesser offense if felony murder conviction had been set aside); *Haynes v. State*, 254 S.W.3d 466, 469-70 (Tex. App.–Houston [1ˢᵗ Dist.] 2007)(rejecting State's contention that the definition of "household" in TEX. FAM. CODE §71.006 applies to prosecutions under TEX. PENAL CODE §22.01(b)(2)) and *Haynes*, 273 S.W.3d at 185, *passim* (lesser-included offense of assault was not submitted, so no reformation possible).

[52] *See Long v. State*, 931 S.W.2d 285, 294 (Tex. Crim. App. 1996)(element distinguishing stalking from lesser offense rendered stalking offense unconstitutional).

[53] *See Roberts v. State*, 273 S.W.3d 322, 330-31, 332 (Tex. Crim. App. 2008)(overruling holding in *Norris v. State*, 902 S.W.2d 428 (Tex. Crim. App. 1995), regarding the proper use of transferred intent and reforming judgment to reflect conviction for lesser-included offense of murder

The cautious approach for the prosecutor to take would be – or at least should be – to request the lesser-included offense. Allowing submission of lesser offenses when requested by the prosecutor would serve at least two important interests. First, society has an interest in convicting and punishing people who are guilty of crimes. When, in the prosecutor's judgment, submission of the lesser-included offense will enhance the prospects of securing an appropriate criminal conviction for a defendant who is in fact guilty, society's interests are best served by allowing the submission. Second, the prosecutor has "the primary duty . . . not to convict, but to see that justice is done."[54] Even if the prosecutor believes in a given case that he will secure a conviction on the charged offense if the only alternative is acquittal, he might also believe that the jury should be given the option to decide whether a conviction on the lesser offense is more appropriate.

Of course, the prosecutor could simply abandon the charged offense in favor of the lesser-included offense.[55] But doing so would reflect not caution but capitulation. If the prosecutor believes the evidence for the charged offense is strong but also believes that the jury ought to be able to consider the lesser-included offense, then abandoning the charged offense as a remedy for the dilemma created by *Arevalo* would be overkill. And the decision on whether to abandon the charged offense would itself pose a dilemma because the prosecutor would not want to effectuate an abandonment unnecessarily.

### F. Conclusion

---

and remanding for resentencing).

[54]T EX. CODE CRIM. PROC. art. 2.01; *Haynes*, 273 S.W.3d at 191 (Johnson, J., concurring).

[55] *See Eastep*, cited above.

The common-law rule established in *Arevalo* is based on flawed premises, places undue burdens on the prosecutor, and results in an illogical remedy. Consequently, we overrule *Arevalo*.

The judgment of the court of appeals is reversed, and the case is remanded to address appellant's remaining points of error.

Delivered: November 18, 2009
Publish