

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0137-09

**STEVEN GREY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### HAYS COUNTY

COCHRAN, J., filed a concurring opinion.

### OPINION

I agree that *Arevalo*[1] was wrongly decided, that the four dissenters in *Arevalo* were correct,[2] that the doctrine has proven unworkable, and that it has led to unjust, unanticipated results. I join the majority in overruling it.

But I would go further and provide some guidance to the bench and bar on when a

---

[1] *Arevalo v. State*, 943 S.W.2d 887 (Tex. Crim. App. 1997).

[2] *Id.* at 890-92 (McCormick, P.J., dissenting), and *id.* at 892-94 (Meyers, J., dissenting).

trial court *must* grant a request by either the defense or State for a lesser-included instruction and when it *may* include such an instruction, with or without a request.

The goal of jury instructions is to guide the jury's deliberations in reaching an accurate verdict based upon the facts and the law.[3] The submission of instructions on lesser-included offenses has become a quagmire for trial and appellate courts when it should be a relatively simple affair designed to ensure the integrity of the factfinding process without unduly interfering with the parties' legitimate strategies.[4]

First, the parties and the trial judge must determine if a particular offense is a lesser-included offense of the charged offense.  Article 37.08 states, "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense."[5]  Second, article 37.09 defines a lesser-included offense.[6]  We have recently reiterated our fidelity to the "cognate pleadings"

---

[3] *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).

[4] Courts across the nation have noted the confusion and uncertainty relating to submission of instructions on lesser-included offenses.  *See, e.g., State v. Jeffries*, 430 N.W.2d 728, 730 (Iowa 1988) (noting that the lesser-included-offense doctrine is "fraught with confusion because of the doctrine's elusiveness in its definition and application."); *State v. Fike*, 757 P.2d 724, 725 (Kan. 1988) ("there are very few areas of the criminal law which have given the appellate courts more difficulty than the problem of lesser offenses"); *State v. Keffer*, 860 P.2d 1118, 1128 (Wyo. 1993) ("the uncertainty evolving from various precedents and variable application suggests the necessity for a restatement of the rule.  This demand emerges from a need for a clarified rule that can consistently be applied by courts in determining: (1) what is a lesser-included offense; (2) when should a court instruct on it; and (3) when challenged, what is the proper appellate standard of review.").

[5] TEX. CODE CRIM. PROC. art. 37.08.

[6] *Id.* art. 37.09.

approach toward lesser-included offenses, in which lesser-included offenses are determined from the statutory elements of the offense as modified by the facts alleged within the indictment.[7]

Second, the parties and the trial judge must determine whether there is evidence in the record that supports giving a particular lesser-included instruction to the jury. A defendant is "entitled to"[8] an instruction on a lesser offense if the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is "some evidence . . . in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense."[9] The defendant must point to specific evidence in the record that negates the greater offense and raises the lesser-included offense. As we stated in *Hall*, the defendant may rely on "anything more than a scintilla of evidence" in requesting an instruction, but he is entitled to such an instruction (and the trial judge must include a requested instruction) only when the evidence establishes the lesser-included offense as "'a valid, rational alternative to the charged offense.'"[10] Thus, if a defendant requests a particular lesser-included instruction and he sets out, on the record, the specific evidence that

---

[7] *Hall v. State*, 225 S.W.3d 524, 534-35 (Tex. Crim. App. 2007).

[8] That is, the trial judge must give a requested instruction.

[9] *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (citing *Rousseau v. State,* 855 S.W.2d 666, 673 (Tex. Crim. App. 1993), and *Royster v. State*, 622 S.W.2d 442, 446-47 (Tex. Crim. App. 1981) (plurality op. on reh'g)).

[10] *Hall*, 255 S.W.3d at 536 (citing *Bignall*, 887 S.W.2d at 23, and quoting *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999)).

supports a rational basis for rejecting the greater offense but supporting the lesser offense,[11] the trial judge errs if he refuses to instruct the jury on that lesser offense.[12] Of course, the converse is not true–the trial judge does not err in submitting an instruction on a lesser-included offense even when the defendant does not point to specific evidence raising that lesser offense and negating the greater one. A trial judge *may* submit an instruction on a lesser-included instruction when requested by the defendant (or State) even though he is not required to do so under the *Royster-Rousseau* test.[13] Thus, the trial judge errs only when he refuses to submit an instruction when the defendant requests one and points to the specific evidence that negates the greater offense but supports the lesser offense.

The State is equally entitled to an instruction on a lesser-included offense if the prosecutor sets out on the record the specific evidence that he is relying on to support its

---

[11] *Hampton v. State*, 109 S.W.3d 437, 440-41 (Tex. Crim. App. 2003) ("[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted.").

[12] *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008) (a defendant is entitled to a jury charge on a lesser-included offense if he meets two requirements: (1) he requests an instruction on a lesser-included offense of the charged offense; and (2) there is some evidence that if he is guilty, he is guilty only of the lesser-included offense).

[13] *Arevalo*, 943 S.W.2d at 890-92 (McCormick, P.J., dissenting), and *id.* at 892-94 (Meyers, J., dissenting). In overruling our prior decision in *Arevalo*, we should also affirm the reasoning as well as the result in the court of appeals's opinion in *Arevalo*. *See Arevalo v. State*, 918 S.W.2d 46, 50 n.6 (Tex. App.—Houston [1st Dist.] 1996) ("We note that there is no prohibition against a trial court submitting any lesser included offenses requested by the defendant. *Royster* merely provides that a trial court may not refuse any defense request for a jury instruction on a lesser included offense when the two-prong test is met."), *rev'd*, 943 S.W.2d 887 (Tex. Crim. App. 1997).

submission.[14] And again, the trial judge *may* submit such an instruction at the State's request even though he is not required to do so under the *Royster-Rousseau* test.

But sometimes neither the State nor the defense requests an instruction on a lesser-included offense even though the law and the evidence would clearly support one.  Each party may invoke an "all or nothing" strategy that permits it to forego instructions on a lesser-included offense, in effect forcing the jury to choose between conviction of the greater offense or outright acquittal.[15]

---

[14] *See Keeble v. United States,* 412 U.S. 205, 208 (1973) ("Although the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged, it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.") (footnote omitted); *Hampton v. State*, 165 S.W.3d 691, 694 (Tex. Crim. App. 2005) (in deciding whether a lesser-included jury instruction is required, the *Royster-Rousseau* two-prong test "applies regardless of whether the instruction is requested by the State or by the defendant."). *See, e.g., State v. Keffer*, 860 P.2d 1118, 1133 (Wyo. 1993) (finding that a lesser-included instruction is available in equal measure to the defense and the prosecutor).

[15] *See generally,* Catherine L. Carpenter, *The All or Nothing Doctrine in Criminal Cases: Independent Trial Strategy or Gamesmanship Gone Awry?*, 26 AMER. J. CRIM. L. 257, 258 (Spring 1999); *State v. Whittle*, 752 P.2d 489, 492-93 (Ariz. Ct. App. 1985) (finding that defendant's all-or-nothing strategy relieved the trial court of the requirement of instructing on lesser-included offense); *State v. Arnold*, 542 P.2d 37, 38 (Ariz. Ct. App. 1975) (trial court should not be required, *sua sponte*, to instruct on lesser-included offenses because defense strategy may be to secure a complete acquittal).  In the capital-murder setting, however, the trial court must give a lesser-included instruction that allows the jury a non-capital option whenever it is supported by the evidence. *Beck v. Alabama*, 447 U.S. 625 (1980).  This "all or nothing" tactic is prohibited by the federal constitution in capital cases, even though a state statute might authorize or even require it. *Id.* at 638.  But the Supreme Court expressly reserved the question of whether "the Due Process Clause would require the giving of such [lesser-included-offense instructions] in a noncapital case." *Id.* at 638 n.14. Many lower-court cases have declined to extend the *Beck* reasoning and result beyond the capital context. *See, e.g., United States v. Beckford,* 966 F. Supp. 1415, 1433 (E.D. Va. 1997) (declining to extend *Beck* to the crime of murder in furtherance of a continuing criminal enterprise); *Geschwendt v. Ryan*, 967 F.2d 877, 883-84 (3d Cir. 1992) (declining to extend *Beck* to require instruction of "not guilty by reason of

Under this "gambling" or "party autonomy" rationale,[16] the participants may gamble, but they do so at their own peril.  If the defense and prosecution do not request an instruction on a lesser-included offense, they have waived their rights to complain on appeal that the judge was required to give one.[17]  And, because this "all or nothing" model is a valid trial strategy, defense counsel is not ineffective for declining to request a lesser-included-offense instruction.[18]

---

insanity").

[16] *See People v. Barton*, 906 P.2d 531, 541 (Cal. 1995) ("[D]efendant was prepared to roll the dice in a high stakes game of chance, betting that the jury, faced with the choice of convicting him of murder or acquitting him entirely, would find him not guilty."); *State v. Eastman*, 831 P.2d 555, 560 (Idaho 1992) ("a defendant might choose to forego an opportunity to be convicted of a lesser included offense in order to roll the dice in the hope that the jury might acquit him/her on the greater charge"); *State v. Boeglin*, 731 P.2d 943, 948 (N.M. 1987) (stating that the "defendant is bound by his decision . . . to gamble on a verdict of acquittal, and the district court did not commit reversible error by instructing the jury as defendant desired"); *Hammond v. People*, 423 P.2d 331, 332 (Colo. 1967) (finding that the defendant "in effect gambled on all or nothing and lost and cannot now be heard to complain"); *People v. Gramc*, 647 N.E.2d 1052, 1054 (Ill. App. Ct. 1995) ("The defense strategy was in legal jargon 'to roll the dice'").

[17] *Kinnamon v. State*, 791 S.W.2d 84, 96 (Tex. Crim. App. 1990) ("Even where a lesser included offense is supported by the evidence, the failure of defense counsel to request a charge on the offense or properly object to its omission constitutes a waiver."), *overruled on other grounds*, *Cook v. State,* 884 S.W.2d 485, 488-92 (Tex. Crim. App. 1994); *see Mohammed v. State*, 127 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *Darnes v. State*, 118 S.W.3d 916, 921 (Tex. App.—Amarillo 2003, pet. ref'd); *Paz v. State*, 44 S.W.3d 98, 100 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd); *Hernandez v. State*, 10 S.W.3d 812, 821 (Tex. App.—Beaumont 2000, pet. ref'd); *see also State v. Pribil*, 395 N.W.2d 543, 549 (Neb. 1986) (noting that either the State or the defendant may request a lesser-included-offense instruction when it is supported by the pleadings and the evidence, but, absent such a request, it is not error for the court to fail to give one even though it was warranted); *Look v. Amaral*, 725 F.2d 4, 9 (1st Cir. 1984) (state trial court was not constitutionally required to give a lesser-included-offense instruction when defense counsel waived the instruction).

[18] *See, e.g., Chao v. State*, 604 A.2d 1351, 1358 (Del. 1992) (explaining that the burden to request lesser-included-offense instructions is properly placed on defense counsel, for it is they

On the other hand, the trial judge is not required to play this gambling game.  In his

discretion he may, with or without request (and even over the parties' objection), include an

instruction on a lesser-included offense in the interest of justice and to uphold the integrity

of the jury system.[19] He may do so whenever a particular view of the evidence would support

who determine trial tactics and presumably act in accordance with a formulated strategy); *In re Trombly*, 627 A.2d 855, 857 (Vt. 1993) (trial court need not include instruction on lesser-included offense on its own volition if the defendant had not requested it or objected to its omission); *Henderson v. State*, 664 S.W.2d 451, 453-54 (Ark. 1984) ("as a matter of trial strategy, competent counsel may elect not to request an instruction on lesser included offenses . . . . The success or failure of a particular trial strategy is not a measure of an attorney's competence"); *Commonwealth v. Pagan*, 625 N.E.2d 579, 581 (Mass. App. Ct. 1994) (counsel was not ineffective in failing to ask for manslaughter instruction); *People v. Romero,* 694 P.2d 1256, 1269 (Colo. 1985) (trial court is not obligated to instruct on a lesser offense "unless either the prosecution or the defense requests such instruction" and "[i]n the absence of a request by the defendant, it may reasonably be assumed that he elected to take his chance on an outright acquittal or conviction of the principal charge rather than to provide the jury with an opportunity to convict on a lesser offense"); *State v. Bartlett*, 355 S.E.2d 913, 919 (W.Va. 1987) (where defendant made a strategic choice not to request a lesser-included instruction, he cannot claim that the maneuver denied him a fair trial).

[19] *See Humphries v. State*, 615 S.W.2d 737, 738 (Tex. Crim. App. 1981) (panel op.) (trial judge may submit lesser-included-offense instruction even over defendant's objection when it is supported by the evidence); *McQueen v. State*, 984 S.W.2d 712, 717 (Tex. App.—Texarkana 1998, no pet.) ("If there is sufficient evidence to support a conviction on a lesser included offense, the trial court is authorized to charge the jury on that offense, even if the defendant does not request the issue and even over the defendant's objection."); *see also People v. Novak*, 643 N.E.2d 762, 769 (Ill. 1994), *abrogated on other grounds by People v. Kolton*, 848 N.E.2d 950 (Ill. 2006).  In *Novak*, the Illinois Supreme Court explained why an instruction on a lesser-included offense serves the interests of the defense, prosecution, and society:

> A lesser included offense is a valuable tool for a defendant, a prosecutor, and society generally.  For a defendant, an instruction on a lesser included offense provides an important third option to the jury.  If the jury believes that defendant was guilty of something, but uncertain whether the charged offense had been proved, it might convict defendant of the lesser offense, rather than convict or acquit him of the greater offense. . . .
> For a prosecutor, a defendant may not automatically go free if the evidence fails to prove an essential element of the greater offense.  For society, the punishment that it imposes on a criminal may conform more accurately to the

conviction of the lesser-included offense as a valid, rational alternative to the charged

offense.[20] His discretion should be upheld, particularly if he notes, on the record, the specific

evidence and inferences that could support acquittal of the greater offense and conviction of

the lesser-included offense.

This "trial integrity" view satisfies "the desire to avoid compromise verdicts which

are based on sympathy and prejudice balanced by the equally compelling desire to avoid

coerced and unwarranted verdicts."[21] Thus, the trial court has considerable discretion to give

(or not give) instructions on a lesser-included offense regardless of the parties' desires.[22] He

---

crime actually committed.
*Id. See, e.g., State v. Watts*, 963 P.2d 1219, 1221-22 (Idaho Ct. App. 1989) (in prosecution for aggravated battery on peace officer, aggravated assault on peace officer, and attempted aggravated assault on peace officer, instruction on lesser included offenses of aggravated battery and aggravated assault was not error, even though neither prosecution nor defendant requested such instruction); *State v. Rodriguez*, 429 A.2d 919, 931 (Conn. 1980) (trial court may submit lesser-included offense to the jury even in the absence of a party's request).

[20] *See Humphries,* 615 S.W.2d at 738; *see also Ford v. State*, 38 S.W.3d 836, 840 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("the trial court has the duty and responsibility to instruct on the 'law applicable to the case.' In discharging this duty, the trial court is authorized to *sua sponte* include a charge on a lesser offense; a trial court is not restricted to submitting lesser included offenses only when the defendant has properly requested them. This is true even if the defendant objects to submission of the charge to the jury.") (citations omitted).

[21] Carpenter, *The All or Nothing Doctrine in Criminal Cases*, *supra* note 15 at 272; *see also State v. Bartlett*, 355 S.E.2d 913, 918-19 (W. Va. 1987) (quoting an earlier case for the proposition that a trial court "may, without request, if it think[s] the interest of justice and a fair trial call for it," instruct the jury on a lesser included offense when supported by the law and evidence, "but it is not bound to do so unless asked; but, if asked to give such proper specific instructions, it must do so.").

[22] This discretion should be exercised liberally toward the inclusion of instructions on lesser-included offenses to uphold the integrity of the system. As we have noted before,
    If no charge [on the lesser included offense] is given, then the jury has two options
    which are equally distasteful. The first option is to vote not guilty in a situation

will not err in doing so unless no rational trier of fact could simultaneously reject the greater offense and find the evidence sufficient to support conviction of the lesser offense.

This case is a good example of when the trial judge has great discretion and properly exercises it.  Here, the evidence showed that appellant assaulted the victim during an argument in the victim's front yard.[23]  He put one hand on her throat and choked her while he repeatedly punched her in the eye.  She testified that she couldn't breathe, she felt numb, and–for a moment–everything "went black."  She did not immediately seek medical attention, but she reported the assault to the police the next morning.

An officer testified that the victim had a bruised and swollen eye and spoke with a raspy voice.  He saw a finger- or thumbprint on one side of her neck.  The victim told the officer that appellant had also "strangled" her with her necklace, and the officer saw the imprint of a necklace on the victim's neck as well.  An EMT who came to the police station also saw ligature marks on the victim's neck, ostensibly caused by the necklace.  He characterized the victim's injuries as "significant."

Appellant also testified and admitted that, after the victim began punching him in the face and grabbing him around the neck, he

---

where they believe the defendant committed [the lesser offense].  The other option is to vote guilty of [the greater offense], an offense they believe the defendant did not commit.

*Eldred v. State*, 578 S.W.2d 721, 723 (Tex. Crim. App. 1979), *overruled in part by Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007).

[23] *Grey v. State*, 269 S.W.3d 785, 786 (Tex. App.—Austin 2008).

reached up and grabbed her neck, applying pressure to her pulse points with my thumb and two foremost fingers.  My intention was to make her dizzy so she would be knocked off balance.  I began striking her with my right hand in the face in the exact manner she continued to assault me.[24]

From this evidence, a rational trier of fact could infer that appellant used his hand "which in the manner of its use or intended use was capable of causing serious bodily injury or death, by strangling" the victim, exactly as alleged in the aggravated assault indictment. But another rational trier of fact could infer that appellant did *not* use his hand as a deadly weapon: he did not cause death or serious bodily injury; he did not intend to cause death or serious bodily injury; and the manner in which he "choked" or "strangled" the victim with one hand was not likely to cause death or serious bodily injury.

Therefore, the trial judge, in his discretion, included an instruction on the lesser-included offense of simple assault.  Appellant objected–he was gambling on "all or nothing"–but he does not have any institutional or due-process "right" to that gamble.  The trial judge may, in his discretion, include such an instruction when one view of the evidence would support a finding of the lesser offense while negating the greater one.  Of course, had appellant requested an instruction on simple assault, the trial judge was not *required* to include it because there was no affirmative or specific evidence that appellant did not use his hand as a deadly weapon.[25]  But the evidence would support a conviction for simple assault

---

[24] *Id*. at 787.

[25] For example, there was no testimony from appellant that "I did not use my hand as a deadly weapon," nor did he offer any expert testimony that choking the neck with a single hand is not using that hand as a deadly weapon, nor did any of the State's witnesses admit to that

(without the use of a deadly weapon) rather than aggravated assault. Here, the totality of the evidence leads to two plausible conclusions: appellant either did or did not use his hand as a deadly weapon. Either finding is rational. Both views are within the realm of reasonableness. Either finding is supported by sufficient evidence. The jury decided that appellant did not use his hand as a deadly weapon, and, therefore, it convicted him of simple assault. This is not a verdict based on mere sympathy or prejudice; it is based upon one rational view of the totality of the evidence.[26] The trial judge properly preserved the jury's role as the ultimate fact-finder by allowing it to consider the lesser-included offense.

In sum, I agree with the majority in overruling *Arevelo*, and I look forward to the day

---

possibility on cross-examination.

The court of appeals relied upon our decision in *Hampton v. State*, 109 S.W.3d 437, 440 (Tex. Crim. App. 2003), in rejecting the State's argument "that the jury might have disbelieved crucial evidence regarding appellant's use of his hand as a deadly weapon" as insufficient to support a rational finding that appellant did not use his hand as a deadly weapon. *Grey*, 269 S.W.3d at 788. But *Hampton* explicitly stated,

> We have held that a two-prong test must be met before a jury charge instruction on a lesser-included offense *must* be given: 1) the lesser-included offense must be included within the proof necessary to establish the offense charged; and 2) some evidence must exist in the record that if the defendant is guilty, he is guilty only of the lesser offense.

*Hampton*, 109 S.W.3d at 440 (emphasis added). And that is true. That is the test for when the trial judge is *required* to include an instruction on a lesser-included offense. In *Hampton*, we cited to *Arevalo,* which had, in effect, held that a trial judge *may* give a lesser-included offense instruction only when he *must* do so. That is precisely where we went wrong in *Arevalo*, and that is why we properly reject it now.

[26] A trial judge errs by including instructions on a lesser-included offense when no rational view of that evidence would support a verdict on the lesser-included, thus providing an avenue for a "compromise" verdict that is based solely on sympathy and prejudice. *See People v. Boettcher*, 505 N.E.2d 594, 597-98 (N.Y. 1987) (noting that "it is the duty of the jury not to reach compromise verdicts based on sympathy for the defendant or to appease holdouts, but to render a just verdict by applying the facts it finds to the law it is charged.").

in which our law on lesser-included-offense jury instructions is simpler and more commonsensical, a day in which trial judges are not left in fear and trembling concerning their decision to include such instructions even though they are not mandated.


Filed:  November 18, 2009

Publish