# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-07-00610-CR

**Steven Grey, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR-07-144, HONORABLE WILLIAM HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment on remand filed March 2, 2010.

Appellant Steven Grey was tried on an indictment accusing him of aggravated assault. Over appellant's objection, the trial court instructed the jury on the lesser included offense of simple assault, and the jury convicted appellant of the lesser offense. Following a rule first announced in *Arevalo v. State*, 943 S.W.2d 887, 890 (Tex. Crim. App. 1997), we held on original submission that the trial court reversibly erred by charging the jury on the lesser included offense because there was no evidence that appellant was guilty only of the lesser offense. *Grey v. State*, 269 S.W.3d 785, 789 (Tex. App.—Austin 2008). On the State's petition for discretionary review, the court of

criminal appeals overruled *Arevalo*, reversed this Court's judgment, and remanded the cause to us to address appellant's two remaining points of error. *Grey v. State*, 298 S.W.3d 644, 651 (Tex. Crim. App. 2009).

In point of error two, appellant contends that the trial court did not have jurisdiction to render a judgment of conviction for misdemeanor assault. When the jurisdiction of a district court is properly invoked to try a felony indictment, that court is authorized to proceed to judgment on any lesser included offense supported by the evidence, even if the lesser offense is a misdemeanor. *See* Tex. Code Crim. Proc. Ann. art. 4.06 (West 2005), art. 37.08 (West 2006); *Cunningham v. State*, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987). The indictment in this cause alleged that appellant caused bodily injury to the complainant by strangling her with his hand, and that this assault was aggravated by appellant's use of his hand as a deadly weapon. *See* Tex. Penal Code Ann. §§ 22.01(a)(1), .02(a)(2) (West Supp. 2009). The district court authorized appellant's conviction for misdemeanor assault if the jury found that he caused bodily injury as alleged but that his hand was not a deadly weapon. We held on original submission that this lesser assault was included within the aggravated bodily injury assault alleged in the indictment. *Grey*, 269 S.W.3d at 788. We also held that the evidence supports appellant's conviction for the lesser offense. *Id*. at 790. Accordingly, we further hold that the trial court had jurisdiction to render judgment on the jury's verdict convicting appellant of misdemeanor bodily injury assault. Point of error two is overruled.

In his third point of error, appellant contends that the trial court erred by refusing his request for an instruction authorizing his conviction for offensive physical contact. *See* Tex. Penal Code Ann. § 22.01(a)(3). A trial court must instruct on a lesser included offense, and therefore errs

2

by refusing to do so, only if there is evidence that would permit a jury to rationally find that the defendant is guilty of the lesser included offense but not the greater offense alleged in the indictment. *Hampton v. State*, 165 S.W.3d 691, 693-94 (Tex. Crim. App. 2005); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). This rule was not altered by the court of criminal appeals' opinion in this cause, which holds only that a trial court has the discretion to charge on a lesser included offense supported by the evidence even when the "guilty only" test is not met. *See Grey*, 298 S.W.3d at 649-50, and at 652 (Hervey, J., concurring).

On original submission, we held that there was no evidence that appellant did not use his hand as a deadly weapon and therefore no evidence that he was guilty only of simple bodily injury assault. *Grey*, 269 S.W.3d at 788-89. Similarly, there is no evidence that appellant did not cause bodily injury to the complainant when he choked her until she lost consciousness. *See* Tex. Penal Code Ann. § 1.07(a)(8) (West Supp. 2009) (defining "bodily injury"). For these reasons, we hold that there is no evidence that appellant was guilty only of touching the complainant in an offensive manner. The trial court did not err by refusing the requested instruction. Point of error three is overruled.

Following remand, the Court notified the parties that they would be permitted to file supplemental briefs pertinent to appellant's second and third points of error. Appellant filed a supplemental brief reasserting all three of his original points and adding a fourth. Appellant's first point of error was resolved against him by the court of criminal appeals and is not before us. We have considered appellant's supplemental arguments with regard to points of error two and three. In our original opinion on remand, we declined to address appellant's new, supplemental point of

error.  *See* Tex. R. App. P. 38.7.  In a motion for rehearing, appellant urges that the issue he raises in this supplemental point was urged in his original brief on appeal, albeit as part of his first point of error.  We will address the supplemental point.

Appellant complains that he was denied due process because the trial court's lesser included offense instruction permitted the jury to convict him of the lesser offense without finding that he engaged in the conduct—strangling the complainant with his hand—alleged in the indictment.  The instruction authorized the jury to convict appellant of simple assault if it found that he:

> intentionally, knowingly, or recklessly cause[d] bodily injury, but did not use his hand as a deadly weapon during the commission of the offense, to Heather Dukes by strangling her.

Appellant asserts that this instruction directed the jury to convict him of the lesser offense if the jury found that he caused bodily injury to the complainant, but did not strangle her with his hand.

Appellant's reading of the instruction overlooks the comma that follows "offense" and thus separates "during the commission of the offense" from "to Heather Dukes by strangling her."[1]  Although the instruction is perhaps awkwardly worded, we believe that the prepositional phrase "to Heather Dukes by strangling her" modifies the verb phrase "cause[d] bodily injury."  So read, the instruction authorized appellant's conviction for the lesser included offense if the jury found that appellant caused bodily injury to the complainant by strangling her with his hand as

---

[1] When we quoted the instruction on original submission, we also omitted the comma.  *See Grey v. State*, 269 S.W.3d 785, 787 (Tex. App.—Austin 2008).

alleged in the indictment, but that he did not use his hand as a deadly weapon.[2]  The supplemental

point of error is overruled.

The motion for rehearing is overruled.  The judgment of conviction is affirmed.


_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed on Remand

Filed:   April 8, 2010

Do Not Publish

---

[2]  This was also our reading of the instruction on original submission.  *See id*. at 787 n.1.