Larry Glenn **HAYNES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–05–00803–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 20, 2007.

Discretionary Review Granted Aug. 22, 2007.

---

James M. Leitner, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Shirley Cornelius, Assistant District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

SAM NUCHIA, Justice.

The State has filed a petition of discretionary review. Pursuant to Texas Rule of Appellate Procedure 50, we withdraw our November 16, 2006 opinion and substitute this modified opinion. Our November 16, 2006 judgment remains unchanged.

We must decide whether the State may use a section of the Family Code to define who constitutes a household member for the purposes of committing felony assault. Appellant Larry Glenn Haynes was convicted by a jury of assault of a household member, a third degree felony.[1] The jury found as an element of the offense that appellant was previously convicted of an assault of a household member. 2003 Penal Code § 22.01(b)(2). Appellant pleaded

---

1. Because the indictment alleges the offense was committed on February 2, 2005, this case is governed by the version of Penal Code 22.01 in effect at that time. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1, § 22.01, 1993 Tex. Gen. Laws 3586, 3616, *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 659, § 1, 1995 Tex. Gen. Laws 3630, 3630, *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 5, 1995 Tex. Gen. Laws 2734, 2736, *amended by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 27.01, 1997 Tex. Gen. Laws 327, 556, *amended by* Act of May 21, 1997, 75th Leg., R.S., ch. 165, §§ 27.01, 31.01(68), 1997 Tex. Gen. Laws 327, 556, 711, *amended by* Act of Apr. 23, 1999, 76th Leg., R.S., ch. 62, § 15.02(a), 1999 Tex. Gen. Laws 127, 357, *amended by* Act of May 26, 1999, 76th Leg., R.S., ch. 1158, § 1, 1999 Tex. Gen. Laws 4063, 4063, *amended by* Act of May 28, 2003, 78th Leg., R.S., ch. 1019, §§ 1, 2, 2003 Tex. Gen. Laws 2963, 2963, *amended by* Act of May 30, 2003, 78th Leg., R.S., ch. 294, § 1, 2003 Tex. Gen. Laws 1263, 1263, *amended by* Act of May 30, 2003, 78th Leg., R.S., ch. 1028, § 1, 2003 Tex. Gen. Laws 2974, 2974 [hereinafter 2003 Penal Code § 22.01] (since amended).

true to two enhancement paragraphs for previous felony convictions for possession of a controlled substance and assault, subjecting appellant to punishment as a habitual offender. *See* Tex. Pen.Code Ann. § 12.42(d) (Vernon Supp.2005). The trial court assessed punishment at imprisonment for 25 years.

Appellant brings six points of error, alleging the trial court erred in admitting evidence (points one and two), the evidence that appellant struck complainant was legally and factually insufficient (points three and four), and the evidence that complainant was a member of appellant's household was legally and factually insufficient (points five and six). We reverse.

Complainant, appellant's former roommate, testified at trial that she had recently lived with appellant from September 2002 until January 6, 2005, when she moved out to "get away" from appellant. She testified that she moved her furniture out of the apartment on January 6, 2005. After that date, she lived with her mother. Appellant telephoned her frequently, but she did not answer the calls.

On February 2, 2005, appellant came to the mother's home and knocked on the door. Complainant opened the door, and appellant asked her why she was not answering his telephone calls. She testified that appellant accused her of lying and struck her in the mouth. At trial, complainant testified that appellant was not a member of her household on February 2, 2005, that she was not married to him, that appellant did not live with her on that date, and that she and the appellant had not lived with each other since that date.

█ In point of error five, appellant contends the evidence is legally insufficient to support his conviction because there is no evidence that appellant and complainant were living together in the same dwelling. The standard for reviewing the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. 2003 Penal Code § 22.01(a)(1). An offense under subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:

> (2) a member of the defendant's family or household, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household under this section. . . .

> . . . .

(e) In this section:

> (1) "Family" has the meaning assigned by Section 71.003, Family Code.

> (2) "Household" has the meaning assigned by Section 71.005, Family Code.

> . . . .

(f) For the purposes of this section, a defendant has been previously convicted of an offense against a member of the defendant's family or a member of the defendant's household under this section if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision.

2003 Penal Code § 22.01(b)(2), (e), (f). Section 71.003, which defines "family," is not relevant to this case. *See* TEX. FAM. CODE ANN. § 71.003 (Vernon 2002). Section 71.005 states, " 'Household' means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other." TEX. FAM.CODE ANN. § 71.005 (Vernon 2002). The State, therefore, had to prove as an element of the offense that appellant and complainant were living together in the same dwelling at the time of the offense.

In its appellee's brief, the State does not point to any evidence that appellant and complainant were living together in the same dwelling. Instead, the State argues that Section 71.006, which is not mentioned in either the 2003 or current version of Penal Code section 22.01, applies. Section 71.006 states, " 'Member of a household' includes a person who previously lived in a household." TEX. FAM.CODE ANN. § 71.006 (Vernon 2002). The State argues that because appellant and complainant once lived together in the same dwelling, appellant can still assault her as a household member after she moves out.

■ The indictment alleged that appellant "did ... unlawfully, intentionally and knowingly cause bodily injury to [complainant], a member of [appellant's] HOUSEHOLD, ... by STRIKING THE COMPLAINANT WITH THE DEFENDANT'S HAND." The jury charge included the Family Code section 71.006 definition of "member of a household." Appellant did not object to the charge. However, in conducting a legal sufficiency

review, this Court must measure sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997). Such a charge would be one that accurately sets out the law, *is authorized by the indictment,* does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* This standard ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime, rather than a mere error in the jury charge submitted. *Id.* We must therefore determine if Family Code section 71.006 has any place in a hypothetically correct jury charge for felony assault of a household member as alleged in the indictment.

■ The Court of Criminal Appeals has adopted the "plain meaning" approach to statutory construction, which limits consideration to the text of the statute unless it is ambiguous or leads to absurd results. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). There is nothing ambiguous about restricting the felony offense of assault of a household member to an assault on a person who currently lives in the same dwelling as the perpetrator, nor does this restriction lead to an absurd result. The Code Construction Act also instructs that words and phrases should be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005).[2]

---

2. The State asks us to consider the legislative intent behind one of the two 2005 amendments to section 22.01. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 788, §§ 1, 2, 2005 Tex. Gen. Laws 2709, 2709. Because one session of the legislature has no power to construe or declare the intent of a past session, we cannot consider the legislative intent behind the 2005 amendment. *See Rowan Oil Co. v. Tex. Employment Comm'n,* 152 Tex. 607, 263 S.W.2d 140, 144 (1953).

The legislature could have incorporated the expanded definition of "member of a household" given by section 71.006. It has not in either the 2003 or current version of Penal Code section 22.01. The Court of Criminal Appeals has recognized the logic and common sense of the Latin maxim *expressio unis est exclusio alterius* (the expression of one thing is the exclusion of another): When people say one thing, they do not mean something else. *Williams v. State*, 965 S.W.2d 506, 507 (Tex.Crim.App. 1998). The legislature did incorporate the expanded definition of "member of a household" given by section 71.006 in Penal Code section 25.07 when defining the offense of violation of a protective order or magistrate's order. TEX. PEN.CODE ANN. § 25.07(a)(2), (3), (b) (Vernon Supp.2005).

We are aware of three courts-of-appeals opinions that have discussed Family Code section 71.006 in an assault of a household member. In none of the cases was the issue of section 71.006's applicability directly before the appellate court. The Fort Worth Court of Appeals applied section 71.006 in a case in which there was testimony that the defendant and the complainant were living together when the assault occurred. *Goodwin v. State*, 91 S.W.3d 912, 920 (Tex.App.-Fort Worth 2002, no pet.). The Tyler Court of Appeals applied section 71.006 in a case in which there was testimony that the defendant and the complainant had lived together off and on for a year and a half. *Gomez v. State*, 183 S.W.3d 86, 90 (Tex.App.-Tyler 2005, no pet.). The use of section 71.006 was not outcome determinative in either case because there was a question of fact about the domicile of the defendant and the complainant, an issue for the fact finder to determine. Justice Vance of the Waco Court of Appeals dissented to the use of section 71.006 in a case in which the defendant did not raise a legal-sufficiency challenge on appeal, therefore waiving the issue. *Archie v. State*, 181 S.W.3d 428, 435–38 (Tex.App.-Waco 2005, pet. granted) (No. PD–0051–06; section 71.006 issue not raised).

We hold that the 2003 version of Penal Code section 22.01, which expressly refers to Family Code section 71.005, does not authorize the State to use Family Code section 71.006 to define who constitutes a household member for the purposes of committing felony assault. The State, therefore, must prove as an element of the offense of felony assault on a household member that the defendant and the complainant were living together in the same dwelling when the offense was committed. The hypothetically correct jury charge in this case would not have included the definition from Family Code section 71.006, and there is no evidence that appellant and complainant lived together in the same dwelling when appellant struck her in the mouth. In fact, the only evidence at trial was that complainant did not live together with appellant at the time of the assault.

We sustain point of error five. Having held that the evidence is legally insufficient to support an element of the offense, we need not address issues one, two, three, four, and six.

We reverse the judgment of conviction and render a judgment of acquittal. The State's petition for discretionary review is dismissed pursuant to Texas Rule of Appellate Procedure 50.