**2 70-16**   TABLE OF CONTENTS       PAGE

Identity Of Judge, Parties, and Counsel.................................i

Index Of Authorities.....................................ii

Statement Regarding Oral Argument.....................................v

Statement Of The Case..........................................v

Statement Of Procedural History..............................vi

Grounds For Review...........................................viii

Argument...................................................1

Prayer For Relief...........................................13

Appendix......................................... see attachment

Certificate of Service................................ see attachment

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 16 2016

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JUN 16 2016

Abel Acosta, Clerk

A

## IDENTITY OF JUDGE, PARTIES, AND COUNSELS

In accordance with Rule 68.4(a), Texas Rules of Appellate Procedure, Pro-Se Appellant certifies the following is a complete list of trial Judge, Parties to the judgement, and trial and Appellate Counsels, known to be legally interested in the resolution of the instant Petition for Discretionary Review.

Honorable Judge Thomas J. Gossett
391ST Judicial District Court
Tom Green County
112 W. Beauregard
San Angelo, Texas 76903

Mr. NATHANIEL FRAZIER
TDCJ-ID No. 01942796
John B. Connally Unit
899 FM 632
Kenedy, Texas 78119
Pro-Se, Appellant

Mr. Jason Ferguson
Office of Tom Green County District Attorney
124 W. Beauregard
San Angelo, Texas 76903
Appellee

Danny L. Hardesty
Attorney At Law
Box N                        **Appointed**
Eldorado, Texas 76936
Trial Attorney, Withdrawed 3RD of March 2014

John E. Sutton
Attorney At Law
P.O. Box 871                 **Appointed**
San Angelo, Texas 76902
Substitute Trial Counsel

Justin S. Mock
Attorney At Law
125 South Irving Street      **Appointed**
San Angelo, Texas 76903
Appellate Attorney, Withdrawed 11TH of February 2016

Almanza v. State, 686 S.W.2d 157,171 (Tex. Crim. App. 1985)......... 9

Alvarado v.State, 704 S.W.2d 36,38-40 (Tex. Crim. App. 1985)....... 11

Anders v. California, 386 U.S. 738,744 (1967)...................... 12

Batson v. Kentucky, 476 U.S. 79 (1986)............................ 8

Bell v. State, 693 S.W.2d 434,442 (Tex. Crim. App. 1985)........... 6

Bignall v. State, 887 S.W.2d 21-24 (Tex Crim. App. 1994)........... 6,7

Boyd v. California, 494 U.S. 370,380, 110 S.Ct. 1190 (1990)........... 10

Estel v. McGuire, 502 U.S. 62,72, 112 S.Ct. 475 (1991)............. 10

Ex Parte Varelas, 45 S.W.3d 627,632 (citing)...................... 6

George v. State, 890 S.W.2d 73,76................................ 6

Goad v State, 354 S.W.3d 443,446 (Tex. Crim. App. 2011)............ 6

Halton v. State, Tex. App. Lexis 6769 (2015)...................... 4

Haynes v. State, 254 S.W.3d 466(Tex. App. Houston-1st 2007)........ 2,3

Hightower v. State, 629 S.W.2d 920 (Tex. Crim. App. 1981).......... 8

Hughes v. State, 897 S.W2d 285,295 (Tex. Crim. App 1994)........... 11

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979)............ 2

Leach v. State, Tex. App. Lexis 12429 (2015)...................... 4

Light v. State, 15 S.W.3d 194 (Tex. Crim App. 2000)............... 1

Lyles v. State, 850 S.W.2d 497,502 (Tex. Crim. App. 1993).......... 5

Malik v. State, 953 S.W2d 234 (Tex. Crim. App. 1997).............. 3

Martinez v. State, 327 S.W.3d 727,736 (Tex. Crim. App. 2010)....... 5

McFarland v. State, 930 S.W.2d 99 (Court of Appeals 1996).......... 2

McQueen v. State, 781 S.W.2d 600,603 (Tex. Crim. App. 1989)........ 11

Newberry v. State, 552 S.W.2d 457,462 (Court of Appeals 1997)...... 5

Meza v. State, 206 S.W.3d 684.................................... 1

Pierce v. State, 777 S.W.2d 399,414.............................. 4

Price v. State, 457 S.W.3d 437,440 (Tex. Crim. App. 2015.......... 9,11

Reese v. State, 33 S.W.3d 238.................................... 4

Richardson v. State, 744 S.W2d 65,77 (Tex. Crim. App 1987)........  8

Rousseau v. State, 855 S.W.2d 666,672 (Tex. Crim App. 1993)........  6

Sandstrom v. Montana, 442 U.S. 510,523, 99 S.Ct. 24,50 (1971)......  10

Schweinle v. State, 915 S.W.2d 19 (Tex. Crim. App. 1996)...........  7

Skinner v. State, 956 S.W.2d 532,543 (Tex. Crim. App. 1997)........  6

Smith, 120 F.3d 414,415..........................................  9,10

State v. Meru, 414 S.W.3d 159,162 (Tex. Crim. App 2013.............  6

Sweed v. State, 351 S.W.3d 63,68 (Tex. Crim. App. 2011)............  6,7

United States v. Benton, 637 F.2d 1052 (CA5 1981).................  5

U.S. v. Curley, 639 F.3d 50,62-63 (2cd Cir. 2011).................  6

U.S. v. Jenkins, 593 F.3d 480,486 (6th Cir 2010)..................  5

Vasquez v. Hillery, 474 U.S. 254,259 106 S.Ct. 617...............  8

Villarreal v. State, 286 S.W.3d 321,329 (Tex. Crim. App. 2009).....  9

Wiiliams v. State, 235 S.W.3d 742,750 (Tex. Crim. App. 2007).......  2

Williams v. State, 294 S.W.3d 674,681 (Tex. App.-Hou:[1st Dist.]2009).  6

Windship, 397 U.S. 358,364 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)......  2,9

Wingfield v. State, Tex. App. Lexis 12080 (2015)...................  4

Wortham v. State, 412 S.W.3d 552,558 (Tex. Crim. App. 2013).........  6

Young v. State, 547 S.W.2d 23 (Tex. Crim. App. 1977)...............  8

465 U.S. 1067, 104 S.Ct. 1419, 79 L.Ed.2d 744 (1984)...............  5

479 F.3d 492,504 (2007).........................................  6

496 U.S. 912, 110 S.Ct. 2603....................................  4

## STATUTES

Stae Bar of Texas Art.10 Sec.9; Disciplinary Rule 9-102 (3-4).......  v

Texas Criminal Code and Procedure Art.36.09.......................  6

Texas Criminal Code and Procedure Art.36.14......................  9

Texas Criminal Code and Procedure Art.38.22......................  v

Texas Family Code Sec. 71.0021, 71.005............................  2,3

Texas Family Code Sec. 71.004...................................  9

Texas Penal Code Sec. 2.01, 22.01(b)(2)(B).......................  2,3

Texas Penal Code Sec. 6.03......................................  11

Texas Rules of Appellate Procedure Rule 9.5........................... v

Texas Rules of Appellate Procedure Rule 34.5(g)...................... v

Texas Rules of Appellate Procedure Rule 34.6(h)...................... v

Texas Rules of Appellate Procedure Rule 44.2(c)...................... 10

Texas Rules of Appellate Procedure Rule 47.1........................ 1

Texas Rules of Appellate Procedure Rule 47.4........................ 1

Texas Rules of Appellate Procedure Rule 68.3........................ 12

Texas Rules of Appellate Procedure Rule 68.4........................ i,12

Texas Rules of The Court Rule 403.................................. v

Texas Rules of The Court Rule 609.................................. v

Texas Rules of The Court Rule 702.................................. iv

## STATEMENT REGARDING ORAL ARGUMENT

Oral Argument is requested to assist the Court in understanding the arguments presented by this case.

## STATEMENT OF THE CASE

In District Court 391 Cause Number D-13-0958-SA, NATHANIEL FRAZIER, was charged by indictment with having committed the offense of Assault of Family Violence/ Household Member by Impeding Breathing or Circulation, a third degree felony. 1 C.R. 13-14. The indictment included an enhanceme ent paragragh referencing a previous felony conviction exposing FRAZIER to the punishment range for a second degree felony. Id.

FRAZIER entered a plea of not guilty to the indictment and proceeded to jury trial on July 14, 2014. IX R.R 12. During the guilt/innocence ph ase of jury trial the enhancement paragragh (two) was proven up to be true . X R.R. 90-91.

At the conclusion of a two day jury trial, FRAZIER was found guilty of Dating Violence an element of the indictment charged to the jury. I C.R. 13-14; II C.R. 105-110; X R.R. 178.The trial Court found enhancement para- gragh to be true. X R.R. 90-91; XI R.R. 16. The trial Court assessed the punishment and FRAZIER was sentenced to eighteen (18) years in the Texas Department of Criminal Justice. XI R.R. 16; I C.R. 32, 34-35.

## STATEMENT OF PROCEDURAL HISTORY

*On May 07, 2015 Appellant's Counsel Filed an Ander's Brief on behalf of Appellant. No oral argument was scheduled and pursuant to Texas Rules of Appellant Procedure 34.5(g) and 34.6(h), the trial Court was required to furnish a complete copy of entire record at Appellant's request. Further, a Motion to Withdraw was filed by Appellant's counsel to remain on motion docket pending disposition.

*On May 15, 2015 Appellant requested pursuant to Texas Rules of Appellant Procedure Rule 9.5 "Access to Full Appellant Record" by motion Pro-Se on each party and counsel involved.

*On May 19, 2015 a request pursuant to State Bar of Texas Article 10 Section 9- Code of Professional Responsibility, Diciplinary Rule 9-102 (3 and 4):[in part] " Under Texas Law the entire contents of the attorney's file belongs to the client at the attorney's own expense, all portions of the file the client want's to obtain shall be provided by law", was made. This would include contents from full discovery received in accordance to Article 38.22 of Texas Code of Criminal Procedure.

*On may 2, 2015 The Texas Court of Appeals, Third District, At Austin [GRANTED] Pro Se Motion and ORDERED the clerk of trial Court to provide a copy of the Reporter's and Clerk's record to Appellant and to provide a written verification to the Court of Appeals of the date and manner in which the Appellate record was provided, on or before June 12, 2015.

*On June 9, 2015 the Court received written verification that a copy of the Reporter's and Clerk's records were provided to Appellant and docet Pro-Se Response, if any, is due on or before July 9, 2015 . Appellant filed his First Motion for Extension of Time June 15, 2015 in which the Court [GRANTED] request June 24, 2015, extending time to file Pro Se brief to October 15, 2015.

* After a diligent review of the records provided by the trial Court , it was found that records were absent requested witness statements, medical records, pre-trial proceedings of May 6, 2014, and jury charge, needed to assist with arguments on Pro Se Response Brief. Therefore, although a Second Motion to Extend Time to file Pro Se Response Brief was filed on Sept. 14, 2015, [GRANTED] on September 21, 2015 extending deadline to December 7, 2015, the Court of Appeals failed to ORDER request of complete record.

* On December 2, 2015 in order to meet the deadline to file Pro Se Brief , the Appellant, absent complete/entire Appellate records, proceeded to file Pro Se Response Brief. February 11, 2016 the Court of Appeals handed down OPINION and AFFIRMED trial Court's judgement, further GRANTING counsel's Motion to Withdraw.

* On April 20, 2016 a Motion for Production of Entire Record and Motion for Extention of Time was filed. Motion for Production of Entire record was DENIED on April 29, 2016, and Motion for Extention of Time to file Petition for Discretionary Review was [GRANTED] on May 02, 2016, making deadline to file Petition for Discretionary Review June 13, 2016. As of to date no motion for rehearing has been filed or any rulings needed otherwise.

# GROUNDS FOR REVIEW

A diligent review of the records provided by the trial Court and the OPINION of the Court of Appeals, at Austin, Texas, has resulted in the finding of meritorious grounds that shall be explicitly reviewed to be advanced in good faith on Appeal. All conceivable grounds result from the following considerations:

1.  The Court of Appeals erred in not explicitly reviewing and addressing pro se issues in opinion.

2.  The Court of Appeals erred in holding that the evidence was sufficient to support Appellant's conviction.

3.  The Court of Appeals erred in holding that the trial Court did not abuse it's discretion.

4.  The Court of Appeals erred in holding that the trial Court's jury charge was not erroneous.

5.  The Court of Appeals erred in holding that Ander's Brief met the requirements of Anders v. California, granting Appellant counsel's motion to withdraw.

## SUMMARY OF ARGUMENT OF GROUND NUMBER ONE

The Court of Appeals failed to explicitly review and address pro se brief issues in Appellant's opinion.

## ARGUMENT OF GROUND NUMBER ONE

Pursuant to Texas Rules of Appelate Procedure Rule 47.1 Written Opinions, the Court of Appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal. Texas Rules of Appellate Procedure Rule 47.4 Memorandom Opinions, it is the Court of Appeals duty to review brief to determine if there are any arguable grounds, and if there are remand to trial court so that a new counsel may be appointed to brief the issues. Failure by a Court of Appeals to address a point[s] of error properly raised by a party, requires remand for consideration of that point of error. See Light v. State, 15 S.W.3d 104 (Tex. Crim. App. 2000).

The Court of Appeals erred in handing down Memorandom that failed to address any of Appellant's issues for final disposition and without explination for Courts affirmation, the Appellant is unable to file a proper Petition for Discretionary Review with Court on merits of appeal. The Opinion was handed down and AFFIRMED on February 11, 2016 by Texas Court of Appeals, Third District, at Austin, from an Ander's Brief filed on May 7, 2015, with the assurance of being wholly frivolous. Meza v. State 206 S.W. 3d 684.

## SUMMARY OF ARGUMENT OF GROUND NUMBER TWO

The Court of Appeals erred in holding that the evidence was sufficient to support Appellant's conviction.

## ARGUMENT OF GROUND NUMBER TWO

When reviewing sufficiency of the evidence, the Appellate Court views

1

all of the evidence in the light most favorable to the verdict and determine, based on the evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. The duty of the reviewing Court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. Williams v. State, 235 S.W. 3d 742,750 (Tex. Crim. App. 2007). It is required that the Court of Appeals always address sufficiency of evidence challanges. McFarland v. State, 930 S.W. 2d 99 (Cr. App. 1996). See Jackson v. Virginia, 433 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 570 (1979). The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. In re Windship, 397 U.S. 358,364, 90 S. Ct. 1068, 25 L.Ed. 2d 368 (1970). The question in this case is what standard is to be applied when the claim is made that a person has been convicted in a state court upon insufficient evidence which clearly becomes a constitutional claim, the legal sufficiency standard.

At trial the State of Texas was required to prove each essential element of the offense beyond a reasonable doubt. Texas Penal Code 2.01. The essential elements relevant to the assault charge brought against Appellant are contained in Section 22.01 of the Texas Penal Code and in the indictment. 22.01(b)(2)(B):I C.R. 13-14. The Appellant complains that he was not a "Member of Household", Texas Family Code Section 71.005, as charged in indictment pertinent to Penal Code 22.01(b)(2): I C.R. 13-14. This essential element was required by the State to be proven at trial. "Family Violence" means:(1) an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault or sexual assault, but does not include defensive measures to protect one self. Pertinent,(3) dating violence, as that term is defined by Section 71.0021. See Haynes V. State, 254 S.W. 3d 466,2007 Tex. App. Lexis 1338.

2

During the trial it was clear that the Appellant lived in Southfield, Michigan with wife, BT. VII R.R. 88. The victim also testified that " He totally was not living with me, only in San Angelo working, but still was going home". IX R.R. 77. Victim also goes on to state " I was not living in home long only from late July - August 2013, due to house needing work ". IX R.R. 77. This concludes that it was impossible to be living with the victim at the time of alleged assault. The assault was alleged on September 3, 2013 which would be totally contrary to victims testimony. See Haynes; 2007 Tex. App. Lexis 1338; Malik v. State, 953 S.W. 2d 234 (Tex. Crim. App. 1997). Family Violence is what gave trial court jurisdiction, what was alleged, what was charged, what was convicted of, and what the affirmative findings was. I.C.R. 34-35. See also Appellant testimony, X.R.R. 88, 99-100.

The Appellant further complains that He and the victim was not in a "Dating Relationship " also alleged in indictment, Texas Penal Code 22.01 (b)(2)(B). I C.R. 13-14. Pertinent to 22.01(b)(2)(B) is the Family Code of Section 71.0021(b) Dating Relationship and defines as followed: A relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. The existance of such a relationship shall be determined based on consideration of: (1) the length of the relationship; (2) the nature of the relationship; and (3) the frequency and type of interaction between the persons involved in the relationship. (c) A casual acquaintanceship or ordinary fraternization in a business or social context does not constitute a "dating relationship"under Subsection (b). This was an essential element and was to be proven by the State.

During the trial victim testified to Appellant not having keys to home. IX R.R. 100. Victim also testified to being married during allegations of alleged assault. IX R.R. 91. There was also testimony from victim husband that they been married twelve years. X R.R. 34. Appellant testified to being married and being faithfull at time of alleged assault, and only relationship to victim was of business nature only. X R.R. 61-62. The victim testified to

3

the Appellant's only reason for being at her resident was doing work with remodel. IX R.R. 100. During cross-examination Appellant testified to the fact of being at victim resident doing contract work installing cable and camera's. X R.R. 86-88; Defendant exibit's 1-5. The husband VD, of victim testified to victim falsely making claims in order to try and benefit herself. X R.R. 35-36. VD further testified during cross-examination that he did not know Appellant well and seen only one time at him and the victims resident doing cable and never again since. X R.R. 44. With this Appellant concludes that it would be very hard to believe that there was a dating relationship between he and the victim, from the evidence given at trial, but more of a business nature with no relation at all. See Halton v. State 2015 Tex. App. Lexis 6769; Wingfield v. State 2015 Tex. App. Lexis 12080; and Leach v. State 2015 Tex. App. Lexis 12429.

Furthermore amongst other complaints of legally insufficient evidence of untested DNA of blood saliva; IX R.R. 62, untested handprints on floor; IX R.R. 32, Exhibit 7 and 8, photos of injuries taken days after alleged assault; IX R.R. 89-90, Exhibit 20, 21, and 22, and the fact that the photos of crime scene were taken five hours prior to 911 call; IX R.R. 28, X R.R. 46-48, Exhibit 1-9, it is possible without medical experts testimony also pursuant to Texas Rules Rule 702, that the evidenve in support of Appellant's conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt. See Pierce v. State, 777 S.W. 2d 399, 414; 496 U.S. 912, 110 S.Ct. 2603; Reese v. State, 33 S.W. 3d 238.

## SUMMARY OF ARGUMENT OF GROUND NUMBER THREE

The Court of Appeals erred in holding that the trial court did not abuse its discretion.

## ARGUMENT OF GROUND NUMBER THREE

4

When reviewing the abuse of discretion standard, the reviewing court looks to see if the ruling is arbitrary, unreasonable, or without reference to any guiding rules or principles. See Lyles v. State, 850 S.W.2d 497,502 (Tex. Crim. App. 1993). The mere fact that a trial court decides a matter outside the zone of reasonable disagreement, which differes from the way a appellate court would have resolved the matter, demostrates abuse. Martinez v. State, 327 S.W.3d 727,736 (Tex. Crim. App.).

During the guilt-innocent phase of trial the Appellant complains the trial court abused its descretion by allowing the state to produce evidence of extraneous offenses. Prior to trial a Motion in Limine was filed on behalf of Appellant accordingly. See Newberry v. State, 552 S.W.2d 457,462 (CRim. App. 1997). As the question of admission of extraneous offenses was offered by the State, Appellant preserved error by timely objecting during a hearing outside of the jury. X R.R. 26-29. The trial court ruled that according to his balancing test and rules of evidence He must follow, the extraneous offense evidence substantially dont outweigh the entire prejudice, which is a matter of fair due process. X R.R. 29. This ruling was of concurrence to the same admission of priors of victim for impeachment on cross-examination. IX R.R. 95-99. After trial court ruled that He will not allow the State to bring in extraneous offenses in front of the jury even if it is proven to be Appellant, X R.R. 28, plea to extraneous offenses at that time were elicited as testimonial evidence. X R.R. 82. State was allowed to bring in front of the jury extaneous offenses, therefore trial court abused its discretion. X R.R. 90-91. This ruling was not arbitrarily or capriciously. The Appellate Court must measure the trial court's ruling against the relevent criteria by which Rule 403 decision is to be made. See United States v. Benton, 637 F.2d 1052 (CA5 1981); 465 U.S. 1067, 104 S.CT. 1419,79 L.Ed.2d 744 (1984). Error to admit extraneous is not harmless due to being highly prejudicial and likely factored into jury's decision to convict. 593 F.3d 480,486 (6TH Cir. 2010), U.S. v. Jenkins. See also U.S.

5

v. Curley, 639 F.3d 50,62-63 (2CD Cir. 2011). The trial court also abused its descretion in not instructing the jury to use extraneous offenses for limited purposes only. Ex Parte Varelas, 45 S.W. 3d 627,632 (citing) George v. State, 890 S.W2d 73,76. thus further shows that the extraneous offenses was relied upon heavily to both bolster the testimony of the complainant and undermine the credibility of testimony. 479 F.3d 492,504(2007).

The Appellant further complains that the trial court abused its descretion in failing to [GRANT] Appellant's requested lesser-included offense instruction pursuant to Texas Criminal Code and Procedure Art. 37.09. X R.R. 135. During charge conference there was some confusion on both sides of the parties, in regards to the charge. X R.R. 133-148. An instruction on a lesser included offense is warranted so long as there is some evidence which is directly germane to the lesser included offense for the fact finder to consider, regardless of whether the evidence was strong or weak, unimpeached or contradicted. See Rousseau v. State, 855 S.W.2d 666,672(Tex. Crim. App. 1993); Bell v. State, 693 S.W.2d 434,442 (Tex. Crim. App. 1985). The trier of fact is always free to selectively believe all or part of the testimony proffered and introduced by either side. Bignall v. State, 887 S.W.2d 24; and cases cited therein. At the charge conference the Appellant timely objected to the omission of the lesser included instruction. X R.R. 135. This preserved error for review. Determining whether a defendant is entitled to a lesser-included offense instruction requires a two-part analysis. Goadv. State, 354 S.W.3d 443,446 (Tex. Crim. App. 2011); State v. Meru, 414 S.W.3d 159,162 (Tex. Crim App. 2013). It is clear that neither party disputes that assault causing bodily injury is a lesser-included offense of family-violence assault by strangulation as charged in the indictment. I C.R. 13-14. The second part "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." Wortham v. State, 412 S.W.3d 552,558 (Tex. Crim. App. 2013); Sweed v. State, 351 S.W.3d 63,68 (Tex. Crim. App. 2011). However,"it is not enough that

6

the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warrented." Sweed, 351 S.W.3d at 68(quoting Skinner v. State, 956 S.W.2d 532,543 (Tex. Crim. App. 1997);see Williams v. State, 294 S.W. 3d 674,681 (Tex. App.-Houston[1st Dist.] 2009). During the direct examination of the guilt-innocent phase of the trial, the Appellant denied ever creating any injuries to the victim. X R.R. 58-61. The Appellant in summary also testified to never assaulting nor choking victim. X R.R. 66. Further on cross examination Appellant testified to never touching victim at all on the night of September 2, 2013. X R.R. 97. The jury was free to believe this testimony by Appellant, and disbelieve the rest of what he said. As with the instruction on the lesser-included offense of misdemeanor assault the evidence of not choking concludes that a lesser-included instruction was entitled to Appellant. If the jury believes that there was no dating relationship as the defendant testified to also, X R.R. 66, then the Stae would have us all focus solely on Appellant's "blanket" denial of criminal culpability in any element of the assault family violence. This misconstrues the case law, including Bignall v. State, on this issue. It neglects the fact that the jury is permitted to believe or disbelieve any part of a witness' testimony, including a defendant. It disregards the fact that a lesser-included offense can be raised by any evidence from any source so long as a rational trier of fact could conclude from that evidence that a defendant is guilty only of the lesser-included offense. Bignall v. State, 887 S.W.2d 22-24 (Tex. Crim. App. 1994); Schweinle v. State, 915 S.W.2d 19 (Tex. Crim. App. 1996). So therefore along with other evidence of not being of a household member in argument one and of not being in any type of dating relationship, but work and business only, the trial court erred when it denied the appellant's request for lesser-included offense instruction, making its ruling arbitrary, unreasonable, and without refe-

7

rence to any guiding rules or principles, with the mere fact of abusing its discretion deciding the matter outside the zone of reasonable disagreement. Furthermore amongst other complaints of trial courts abuse of discretion of denying material Out-Of-State Witness Applications and Motions, II C.R. 59-78; IIV R.R. 26-28, trial court allowing the State to present and administer testimony from an unauthorized witness, see Richardson v. State, 744 S.W. 2d 65,77 (Tex. Crim. App. 1987); Hightower v. State, 629 S.W.2d 920 ( Tex. Crim. App. 1981); and Young v. State, 547 S.W.2d 23 (Tex. Crim. App. 1977), and the fact that the trial court summoned no blacks and mainly women for the jury duty of this trial, for the purpose of handing out souvenirs at the end of trial, as trial court "quotes", X R.R. 179, see Vasquez v. Hillery, 474 U.S. 254,259 106 S.Ct. 617, 88 L.Ed. 2d 598; Batson v. Kentucky, 476 U.S. 79 (1986), only shows that the jury was impartial, unfair contrary to the Constitution of the U.S. and Texas, and shows that the trial court was bias in decisions made of its discretion. It also shows that the jury was impaneled three days prior to trial. II C.R. 99-100. Voir Dire, VII R.R. 1-130; jury summoned, II C.R. 91-102; panelled, II C.R. 79. Therefore the Court of Appeals erred in holding that the trial court did not abuse its discretion.

## SUMMARY OF ARGUMENT OF GROUND NUMBER FOUR

The Court of Appeals erred in holding that the jury charge was not erroneous.

## ARGUMENT OF GROUND NUMBER FOUR

When reviewing a jury charge error the Appellate Court reviews charge in two steps: first, it determines whether error exists; if so, it then evaluates whether sufficient harm resulted from the error to require reversal. The degree of harm required for reversal depends on whether the jury charge error was preserved in the trial court. X R.R. 133-148. If the jury charge error has been properly preserved by an objection or request for an

8

instruction, reversal is required if the Appellant has suffered "some harm" from the error. When the error was not objected to, the error must be "fundamental" and requires reversal only if it was so egregious and created such harm that the defendant was deprived of a fair and impartial trial. A trial court is statutorily obligated to instruct the jury on the "law applicable to the case," which requires that the jury be instructed on each element of the offense charged. Tex. Code Crim. Proc. Ann. art.36.14. The "law applicable to the case" includes the statutory definitions that effect the meaning of the elements of the offense. Thus, a trial court must communicate to the jury each statutory definition related to the charged offense. The trial court is ultimately responsible for the accuracy of the jury charge and accompanying instructions. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); Price v. State, 457 S.W.3d 437,440 (Tex. Crim. App. 2015); Villarreal v. State, 286 S.W.3d 321,329 (Tex. Crim. App. 2009).

During the charge conference as there was much confusion to the jury charge, X R.R. 133-148, the trial court made the statement of not instructing the jury on charged offense of "Family Violence", X R.R. 134. The trial court went on to quote that "Dating Violence" was not in the definition of Family Violence, X R.R. 133-134, which is pertinent to the Family Code of Family Violence 71.004 (3) dating violence, as the term is defined by Sec. 71.0021 of the Family Code. This clearly misapplied the law and instructed the jury to only deliberate on partial elements of the charged offense. As general matter, states are free to define criminal offenses as they see fit. Smith, 120 F.3d 414. "However, once the state has defined the elements of an offense, the Federal Constitution imposes constraints upon the states authority to convict the person of the offense." In particular, the Due Process Clause of the Fourteenth Amendment protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which He is charged. See Windship, 397 U.S. 358,364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Accordingly, a "jury instruction" or

9

"jury charge" that omits or materially misdescribes an essential element of an offense as defined by state law, relieves the State of its obligation to prove facts constituting every element of an offense beyond a reasonable doubt, thereby violating the defendant's Federal Due Process Rights. Smith, 120 F.3d at 415; see also Sandstrom v. Montana, 442 U.S. 510, 523, 99 S.Ct. 24 50, 61 L.Ed.2d 39 (1971). There was a reasonable likelihood that failing to instruct the jury on Family Violence mislead jury to deliberate only on the language considered in charge and not all the elements of charged offense. See Estel v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Boyd V. California, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990). Therefore the Appellant was harmed by this error and is reversable under the State law and United States Constitution.

Further the Appellant complains of the jury charge that the trial court failed to certify charge and file by clerk before read to jury. Pursuant to Texas Rules of Appellant Procedure Rule 44.2 (c) It is a reversable constitutional error when the following matters were disputed in the trial court, or unless the record affirmatively shows the contrary, the Court of Appeals must presume: (1) That the venue was proved in the trial court; (2) That the jury was properly impaneled and sworn; (3) That the defendant was arrained; (4) That the defendant pleaded to the indictment or other charging instrument; and (5) That the Court's charge was certified by the trial court and filed by the clerk before it was read to the jury. During the charge conference is when the charge was made and after all the confussion within the charge is when the charge was read to the jury off the record. X R.R. 133-147; X R.R 148. It is also clear in the record that the jury charge was missing, requested, and provided without being filed stamped by trial court. II C.R. 105-109. The trial court was held in the 391st District but the jury verdict was handed down by the 340th District. II C.R. 110. Therefore the Appellant seeks reversal do to constitutional error on this issue.

Lastly the trial court erred in failing to tailor the charge to conn-

10

ect the culpable mental state to the nature of conduct element. Texas Penal Code Ann. 6.03 sets out four culpable mental states-intentionally, knowingly, recklessly, and criminally negligently; two possible conduct elements, nature of the conduct and result of the conduct; and the effect of the circumstances surrounding the conduct. In a jury charge, the language in the regard to culpable mental state must be tailored to the conduct elements of the offense. When specific acts are criminalized because of their very nature, a culpable mental state must apply to committing the act itself. On the other hand, unspecified conduct that is criminalized because of its result requires culpability as to the result. A trial court errs when it fails to limit the language in regard to the applicable culpable mental states to the appropriate conduct element. The Appellant was charged with assault family violence of a household meber and impeding breathing of the circulation of the nose or mouth. There is two gravaminas in this charge so therefore culpable mental state should have been tailored to both. I C. R. 13-14; II C.R. 105-109. The Court of Criminal Appeals of Texas uses the gravamen of the offense to decide which conduct elements should be included in the culpable mental-state language. If the gravamen of an offense is the result of conduct, the jury charge on culpable mental state should be tailored to the result of conduct and likewise for nature-of-conduct offenses. If the offense has multiple gravamina, and one gravamen is the result of conduct and the other is the nature of conduct, the jury charge on culpable mental state must be tailored to both the result of conduct and the nature of conduct. See Price v. State, 457 S.W.3d 437 (Tex. Crim. App. 2015); also Hughes v. State, 897 S.W.2d 285,295 (Tex. Crim. App. 1994); Alvarado v. State, 704 S.W.2d 36,38-40 (Tex.Crim. App. 1985). Therefore the trial court erred in failing to tailor the nature of conduct "impeding" and caused egregious harm to Appellant. McQueen v. State, 781 S.W.2d 600,603 (Tex. Crim. App. 1989). Thus the Court of Appeals erred in holding that the jury charge of the trial court was not erroneous.

11

## SUMMARY OF ARGUMENT OF GROUND NUMBER FIVE

The Court of Appeals erred in holding that Ander's Brief met requirements of Ander's v. California, granting Appellant counsel's Motion to Withdraw.

## ARGUMENT OF GROUND NUMBER FIVE

The United States Supreme Court does not obligate counsel representing a client on appeal to argue in support of grounds for reversal of the lower court's judgment when after a "conscientious examination" of the case counsel determines appeal to be "wholly frivolous." Anders v. California, 386 U.S. 738,744 (1967). After a review of the partial records provided by the trial court there were a significant amount of errors pertained in the records. I C.R. 1-51; II C.R. 1-113; I R.R. 1-20; II R.R. 1-28; III R.R. 1-17; IV R.R. 1-12; V R.R. 1-12; VI R.R. 1-19; VII R.R. 1-29; VIII R.R. 1-138; IX R.R. 1-128; X R.R. 1-180; XI R.R. 1-19; and XII R.R. States Exhibits 1-26, Defendant's Exhibits 1-9. These errors were found to be reversable and would render Anders Brief to be "non-frivolous." Although this is not an ineffective assistance of counsel claim, it violates the laws set forth in Anders v. California and Gainous v. State, by not being frivilous and should not have rendered appellate counsel ability to withdraw. Therefore the Court of Appeals erred in holding that the standards of Anders v. California was met and allowing appellate counsel to withdraw, thus violating Appellant's 6th Amendment Right to a counsel through appeal process.

## CONCLUSION OF ARGUMENTS

This concludes the summeries of Arguments one through five of the Petition for Discretionary Review from pro se Appellant NATHANIEL FRAZIER, whom Constitutionally hold the Court of Appeals in error on the affirmation of His conviction. Pursuant to Texas rules of Appellate Procedure Rule 66.3, 68.4.

## PRAYER FOR RELIEF

NATHANIEL FRAZIER, Appellant Pro Se, Prays this Court acknowledge his Petition for Discretionary Review and [GRANT] his request to be heard by the Authorities of whom the duties is law.

[EXECUTED ON THIS THE 9TH DAY OF JUNE 2016]

Respectfully Submitted,
NATHANIEL FRAZIER,
Pro Se Appellant
TDCJ-ID #1942796
John B. Connally Unit
899 FM 632
Kenedy, Texas 78119

BY: /s/ Nathaniel Frazier

13

## CERTIFICATE OF SERVICE

I NATHANIEL FRAZIER certify that on the 9TH of JUNE, 2016, a true and correct copy of the above and foregoing Petition for Discretionary Review and Court of Appeals [OPINION] was served in accordance with Rules 68-79 of the Texas Rules of Appellate Procedure on Court of Criminal Appeals Clerk Abel Acosta, Capitol Station, P.O. Box 12308, Austin, Texas 78711, by United States Postal Service.

/s/ Nathaniel Frazier
NATHANIEL FRAZIER
TDCJ-ID 1942796
CONNALLY UNIT
899 FM 632
KENEDY, TEXAS 78119
Pro-Se, Appellant

B

Date:          February 11, 2016

Case Number:   03-14-00655-CR
Trial Court No.: D-13-0958-SA

Style:         Nathaniel Frazier, Jr. AKA Nathaniel J. Frazier v. The State of Texas

---

Please be advised that the appellant's motion to withdraw as counsel pursuant to *Anders v. California* was submitted and granted on the date noted above. The enclosed opinion and judgment were sent this date to the following persons:

> Please note: In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. *See* Tex. R. App. P. 48.4.

The Honorable Lisa C. McMinn
State Prosecuting Attorney
P. O. Box 13046
Austin, TX 78711
* DELIVERED VIA E-MAIL *

Mr. Jason Ferguson
Assistant District Attorney
124 W. Beauregard Ste. B
San Angelo, TX 76903
* DELIVERED VIA E-MAIL *

Ms. Kelly J. Workman-Ellis
Ellis & Mock, PLLC
125 South Irving Street
San Angelo, TX 76903
* DELIVERED VIA E-MAIL *

Mr. Nathaniel J. Frazier Junior
John B. Connally Unit
899 FM 632
TDCJ No. 01942796
Kenedy, TX 78119

The Honorable Billy Ray Stubblefield
Administrative Judge
Williamson County Courthouse
405 Martin Luther King, Box 2
Georgetown, TX 78626
* DELIVERED VIA E-MAIL *

The Honorable Thomas J. Gossett
Judge, 391st District Court
Tom Green County Courthouse
112 W. Beauregard
San Angelo, TX 76903
* DELIVERED VIA E-MAIL *

The Honorable Sheri Woodfin
District Clerk
Tom Green County Courthouse
112 West Beauregard
San Angelo, TX 76903-5850
* DELIVERED VIA E-MAIL *

Mr. Justin Mock
Ellis & Mock, PLLC
125 South Irving Street
San Angelo, TX 76903
* DELIVERED VIA E-MAIL *

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED FEBRUARY 11, 2016

## NO. 03-14-00655-CR

### Nathaniel Frazier, Jr. AKA Nathaniel J. Frazier, Appellant

v.

### The State of Texas, Appellee

## APPEAL FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
BEFORE JUSTICES PURYEAR, PEMBERTON, AND BOURLAND
AFFIRMED -- OPINION BY JUSTICE PURYEAR

This is an appeal from the judgment of conviction entered by the trial court. Having reviewed the record and the parties' arguments, the Court holds that there was no reversible error in the trial court's judgment of conviction. Therefore, the Court affirms the trial court's judgment of conviction. Because appellant is indigent and unable to pay costs, no adjudication of costs is made.

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00655-CR

Nathaniel Frazier, Jr. AKA Nathaniel J. Frazier, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
NO. D-13-0958-SA, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## MEMORANDUM OPINION

Appellant was indicted for assault-family violence, a third- degree felony. *See* Tex. Penal Code § 22.01(b)(2)(B). At trial, the jury heard evidence that appellant and Sandra Salinas were engaged in an intimate dating relationship, that on September 2, 2013, they argued, and that appellant struck Salinas, threw her to the ground, and choked her, causing her to be unable to breathe. At the conclusion of the evidence, the jury found appellant guilty of assault of a household member. At the conclusion of the punishment phase of the trial, the trial court found the enhancement paragraph contained in the indictment to be true and assessed punishment at eighteen years in prison.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that

there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 80-82 (1988). Appellant's counsel has represented to the Court that he provided copies of the motion and brief to appellant; advised appellant of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided appellant with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014); *see also Taylor v. Texas Dep't of Protective & Regulatory Svcs.*, 160 S.W.3d 641, 646-47 n.4 Tex. App.—Austin 2005, pet. denied). Appellant requested and received the appellate record and filed a pro se brief.

We have independently reviewed the record and appellant's pro se brief and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that this Court overrules the last timely motion for rehearing filed. *See id.* R. 68.2. The petition must be filed with the clerk of the Court of Criminal Appeals. *Id.* R. 68.3(a). If the petition is mistakenly filed with this Court, it will be forwarded to the Court of Criminal Appeals. *Id.* R. 68.3(b). Any petition for discretionary review should comply with the rules of appellate procedure. *See id.* R. 68.4. Once this Court receives notice that a petition has been filed, the filings in this case cause will be forwarded to the Court of Criminal Appeals. *See id.* R. 68.7.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: February 11, 2016

Do Not Publish

3

NATE FRAZIER #1942796
CONNALLY UNIT
899 FM 632
KENEDY, TEXAS 78119

SAN ANTONIO TX 782
FRI 10 JUN 2016 PM

COURT OF CRIMINAL APPEALS
ABEL ACOSTA, Clerk
CAPITOL STATION
P.O. BOX 12308
AUSTIN, TEXAS 78711